**ERNEST AND MARY HAYWARD WEIR FOUNDATION, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 200, Docket 73–2822.**

United States Court of Appeals, Second Circuit.

Argued Nov. 26, 1974.

Decided Dec. 30, 1974.

Michael A. Cardozo, New York City (Robert J. Jossen, Proskauer Rose Goetz & Mendelsohn, New York City, on the brief), for appellant.

Paul J. Curran, U. S. Atty., S. D. N. Y. (David P. Land and Gerald A. Rosen-

---

berg, Asst. U. S. Attys., of counsel), for appellee.

Before CLARK, Associate Justice,[*] and MOORE and TIMBERS, Circuit Judges.

PER CURIAM:

Appellant, a tax-exempt charitable corporation, is the successor in interest to a private, non-charitable testamentary trust established at the death of Ernest Weir in 1957. Under the provisions of the will, the income of the trust was to go to his widow, Mrs. Mary Hayward Weir, for life and then "to such person or persons, including her estate, as she may, by her last will and testament, nominate and appoint." Just prior to the death of Mrs. Weir in 1968, the trust realized capital gains of some $541,738.82 and subsequently paid taxes which are the subject of this lawsuit. In her will, Mrs. Weir exercised her general testamentary power of appointment over the trust by directing that the principal be distributed to appellant-Foundation.

 Below, appellant sought a refund of the taxes paid on the 1968 capital gains, claiming that the trust should be retroactively accorded a charitable deduction under § 642(c) of the Int.Rev. Code of 1954.[1] We agree with the conclusion of the district court that these monies were not paid or permanently set aside for a charitable purpose "pursuant to the terms of the governing instrument" as required by § 642(c), since the will of Ernest Weir expressed no such intent. Correspondingly, we affirm on the basis of Judge Carter's opinion published at 362 F.Supp. 928.[2]

---

[*] Associate Justice Tom C. Clark, United States Supreme Court, Retired, is sitting by designation.

1. Although the 1969 Tax Reform Act modified some of the terms of this statute, these changes, codified at 26 U.S.C. § 642(c)(1) (1970), have no relevance to this case.

2. Appellant additionally claims error in the denial of its pretrial discovery request for "all notes, reports, notes of conferences and memoranda" prepared by the auditing IRS Agent and by the Appellate Division of the Regional

---

Commissioner's office. Relying on recommendations contained in a report of Magistrate Martin D. Jacobs, Judge Gagliardi granted Appellant's motion for production of documents only to the limited extent of requiring the Government to turn over factual material (as distinguished from opinions, legal analyses, and recommendations). The pure deliberative processes of government have traditionally been protected against disclosure, and, accordingly, we affirm on the basis of Magistrate Jacobs' report, unofficially reported at 72–1 USTC (CCH) ¶ 9435.