**Naida VEGA et al.**

v.

**Peter BLOOMSBURGH et al.**

**No. CA 74–5877–T.**

United States District Court,
D. Massachusetts.

Jan. 13, 1977.

R. Peter Anderson, Charles R. Capace, Mass. Law Reform Inst., Boston, Mass., Lee Diane Flournoy, Kenneth P. Neiman, West-ern Mass. Legal Services, Holyoke, Mass., Lucien Wulsin, Boston Legal Assistance Project, East Boston, Mass., for plaintiffs.

Danielle deBenedictis, Garrick F. Cole, Asst. Attys. Gen., Boston, Mass., for defendant.

## MEMORANDUM

TAURO, District Judge.

Plaintiffs request this court to enjoin the defendants from requiring the presence of their counsel at interviews between plaintiffs' attorneys and any potential witnesses who are also employees of the defendant.

In the underlying law suit, plaintiffs, Massachusetts residents eligible for Medicaid, seek declaratory and injunctive relief to secure full and proper implementation of the Early, Periodic, Screening, Diagnosis and Treatment (EPSDT) program, a component of the federal-state medical assistance program, Medicaid. Defendants are the Assistant Commissioner for Medical Assistance of the Massachusetts Department of Public Welfare, the Commissioner of the Massachusetts Department of Public Welfare and the Secretary of the Executive Office of Human Services of the Commonwealth.

On October 20, 1976, the Deputy Commissioner of the Department of Public Welfare issued a memorandum (Appendix A) to his employees who are responsible for implementing the EPSDT program, instructing them that it would be inappropriate for them to meet with plaintiffs' attorneys without the specific approval of the Department's attorney, and that failure to follow the memorandum could result in disciplinary action. (See Appendix A).

At a hearing, defendants acknowledged the memorandum, but maintained that its restrictions were within their management prerogatives. The parties agreed with this court's suggestion that they meet for the purpose of negotiating an agreed order. They were unable to do so, however, and instead submitted separate proposed orders.

The defendants now agree to notify their employees that they may speak with plain-

tiffs' attorney. They ask, however, that such notification include a statement that:

1) explains the legal impact of Federal Rule of Evidence 801(d)(2)(D), which provides that a statement of an employee may be attributed to his employer as an admission under certain circumstances;

2) advises that plaintiffs have a right to discover relevant facts but not the deliberative processes of government; and

3) clarifies that employees are free to refuse to meet with plaintiffs' counsel, and may, if they wish seek to have a Department lawyer present at such discussions. (See Appendix B).

The plaintiffs oppose the defendants' proffer of compromise and have submitted their own proposed order. (Appendix C).

■ Defendants theorize that their employees should be considered as parties to the litigation and that it would be improper for the plaintiffs' attorneys to speak to them outside of the presence of defendants' attorneys. See ABA Code of Professional Responsibility DR 7-104. There has been no showing, however, that the individual employees are represented by the Attorney General in this litigation, that their interests are adverse to those of the plaintiffs, or for that matter consistent with those of the defendants. Although the defendants might have some interest in being protected from the statements of their employees, this interest will be adequately served by the presence of the defendants' attorney during the formal stages of discovery. Moreover, the interest which they may have in their own protection is outweighed by the first amendment interests of their employees.

■ Furthermore, the attempt of the defendants to suggest to their employees that they refrain from giving the plaintiffs' attorneys information about internal government processes that might be privileged cannot be permitted. Questions regarding the scope of such a privilege are complicated. Compare U. S. v. Proctor and Gamble, 25 F.R.D. 485 (D.N.J.1960) with Weir Foundation v. U. S., 508 F.2d 894 (2d Cir. 1974).

See also 4 Moore ¶ 26.61[7]. The scope of the privilege cannot easily be conveyed to lay persons, or summarized in a single line of a memorandum to defendants' employees.

■ Even if the scope of government privilege were clear and easily defined, that issue arises only at the formal discovery level. It is not relevant to what goes on in an informal conference between plaintiffs' attorneys and their witnesses. There is an important difference between the nature of informal interviews and more formal procedures such as the taking of a deposition. As the Second Circuit said in IBM v. Edelstein, 526 F.2d 37 (2d Cir. 1975):

A lawyer talks to a witness to ascertain what, if any, information the witness may have relevant to his theory of the case, and to explore the witnesses' knowledge, memory, and opinion—frequently in light of information counsel may have developed from other sources.

526 F.2d at 41.

■ Defendants' memorandum, Appendix A, impinged on the first amendment rights of their employees, in that it barred them from speaking with plaintiffs' attorneys even if they expressed an interest and willingness to do so. Appendix A, therefore, must be rescinded in a fashion that will make clear to defendants' employees that they are free to speak to whomever they would like, without fear of sanction or retribution. The form of notice proposed by the defendants does not serve this purpose.

The defendants are instructed to issue a notice to their employees in the form embodied in Appendix D.

## ORDER

Having heard counsel for the parties and having reviewed the motions, memoranda, and other materials submitted, in accordance with the memorandum issued today, it is hereby

ORDERED that:

1. Defendants rescind in writing their memorandum dated October 20, 1976, pertaining to *Vega v. Bloomsburgh;*

2. the defendants forthwith issue a new memorandum to all personnel who received the October 20, 1976, memorandum, informing them that they may, if they wish, agree to be interviewed by plaintiffs' counsel to discuss those activities which relate to the subject matter of this litigation. This memorandum shall make explicit that no employee will be subject to disciplinary action on account of meeting with plaintiffs' counsel; and

3. the new memorandum referred to in paragraph 2 may include a statement that employees are free to refuse to meet with plaintiffs' counsel, and may, *if they wish,* seek to have a lawyer from the Department present at such discussions. The statement should make clear that such decisions are for the employee to make and that the defendants take no position one way or the other on the matter.

## APPENDIX A

October 20, 1976

To: Regional Managers; CSA Directors; Project Good Health Specialists

From: Sumner J. Hoisington, Deputy Commissioner
Robert S. Cassidy, Associate Commissioner For Field Operations

Re: Meetings with Attorneys For Plaintiffs In the case of *Vega v. Bloomsburgh* et al.

We have learned recently that attorneys for the plaintiffs in the case of *Vega v. Bloomsburgh* et al, who are connected with the Massachusetts Law Reform Institute have scheduled or are attempting to schedule meetings with the Project Good Health Specialists. It is inappropriate for PGH specialists or any other Department employees to meet with plaintiffs' attorneys concerning matters presently in litigation without the specific approval of the Department's attorney.

Until further notice any PGH specialist or other Department staff who have been contacted by these attorneys or any individual acting on behalf of the attorneys must refer the attorneys to the Department's legal division and must not meet with them concerning this case.

This is viewed as a very important issue. Failure to follow the requirements of this memorandum will be viewed as a serious matter and could result in disciplinary action.

## APPENDIX B

### ORDER

Having heard counsel for the parties and having reviewed the Motions, Memoranda, and other materials submitted, it is hereby

ORDERED that:

1. Defendants rescind in writing their memorandum dated October 20, 1976, pertaining to *Vega v. Bloomsburgh;*

2. the defendants forthwith issue a new memorandum to all personnel who received the October 20, 1976, memorandum, informing them that they may, if they wish, agree to be interviewed by plaintiffs' counsel to discuss those activities which relate to the subject matter of this litigation. This memorandum shall make explicit that no employee will be subject to disciplinary action on account of meeting with plaintiffs' counsel;

3. the new memorandum referred to in paragraph 2 may include the following information, so long as it is not intended to discourage an employee's own determination whether or not to meet with plaintiffs' counsel:

(a) a statement explaining the legal impact of an employee's statement on the Department, e.g., Federal Rule of Evidence 801(d)(2)(D), which provides that a statement by an employee, made during the existence of the relationship, may under certain circumstances be attributed to the defendant, in a trial on the underlying issues in *Vega v. Bloomsburgh* ;

(b) a statement advising that plaintiffs have a right to discover relevant facts but not to require disclosure of the deliberative processes of government;

(c) a statement that employees are free to refuse to meet with plaintiffs' counsel, and may, *if they wish,* seek to have a lawyer from the Department present at such discussions, making clear that such choices are for the employees' own best judgment.

## APPENDIX C

### ORDER

Having heard arguments of counsel and reviewed the motions and memoranda submitted, it is hereby ordered that:

1) the defendants must rescind forthwith in writing their memorandum dated October 20, 1976 pertaining to *Vega et al. v. Bloomsburgh.*

2) the defendants shall forthwith issue a new memorandum to all personnel informing them that they can speak with plaintiffs' attorneys at any time without fear of retribution, reprisal or disciplinary action of any kind. Said memorandum shall not require or suggest that notification to any other person of any meeting with plaintiffs' counsel is necessary.

3) the defendant shall not communicate any suggestions, guidelines or advisories to any person not a defendant as to what matters the defendants consider disclosable to or appropriate for discussion with plaintiffs' attorneys.

## APPENDIX D

### ORDER

TAURO, District Judge.

Having heard counsel for the parties and having reviewed the motions, memoranda, and other materials submitted, in accordance with the memorandum issued today, it is hereby

ORDERED that:

1. Defendants rescind in writing their memorandum dated October 20, 1976, pertaining to *Vega v. Bloomsburgh* ;

2. the defendants forthwith issue a new memorandum to all personnel who received the October 20, 1976, memorandum, informing them that they may, if they wish, agree to be interviewed by plaintiffs' counsel to discuss those activities which relate to the subject matter of this litigation. This memorandum shall make explicit that no employee will be subject to disciplinary action on account of meeting with plaintiffs' counsel; and

3. the new memorandum referred to in paragraph 2 may include a statement that employees are free to refuse to meet with plaintiffs' counsel, and may, *if they wish,* seek to have a lawyer from the Department present at such discussions. The statement should make clear that such decisions are for the employee to make and that the defendants take no position one way or the other on the matter.