Charles CHRISTY

v.

**PENNSYLVANIA TURNPIKE COMMISSION, A Duly Organized and Existing Agency of the Commonwealth of PA, Robert Brady, Individually and as a Commissioner of the PA Turnpike Commission, John Boschi, Individually and as Deputy Executive Director–Maintenance of the PA Turnpike Commission, Vincent Greco, Individually and as Assistant Deputy Executive Director–Maintenance of the PA Turnpike Commission, John Stewart, Individually and as Assistant Deputy Executive Director–Maintenance of the PA Turnpike Commission.**

Civ. A. No. 93–3346.

United States District Court,
E.D. Pennsylvania.

Sept. 6, 1994.

Imogene Hughes and John P. Hickey, Kleinbard, Bell & Brecker, Philadelphia, PA, Joseph F. Lawless, Jr., Newtown Square, PA, for plaintiff.

Michael M. Baylson, Duane, Morris & Heckscher, Philadelphia, PA, for defendants (except Boschi).

Lisa G. DiPietro and David S. Fortney, Reed, Smith, Shaw & McClay, Philadelphia, PA, for defendant John Boschi.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff, Charles Christy, has filed a Motion for a Protective Order Prohibiting Defendants and their Attorneys from Instructing Pennsylvania Turnpike Commission Employees not to Discuss Defendants' Hiring and Promotional Practices with Plaintiff (Plaintiff's Motion).[1] Christy alleges that the Pennsylvania Turnpike Commission (PTC) has instructed its employees not to talk with him about his lawsuit, and that it is necessary for him to have ex parte communications with the employees to discover relevant information without having to go through the expensive and time-consuming process of deposing each employee. Plaintiff's Motion at ¶¶ 9–15, 17–21.

■■■ The seeker of a protective order has the burden of showing good cause for its necessity. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1988). The seeker must show a "particular need" for the order; mere broad allega-

tions of harm, "unsubstantiated by specific examples or articulated reasoning" are not sufficient. *Id.* The burden is not met by "the recitation of expense and burdensomeness [that are] merely conclusory." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985). Christy has not met this burden, and so his motion will be denied.

■■■ Christy argues that he should be permitted to have ex parte contact with PTC employees that may have claims against the PTC similar to his claims and who may have information relevant to his claim. Christy claims that the PTC has improperly instructed its employees not to speak with him.

Christy points to a 1975 PTC memo as evidence of the purported instructions. *See* Defendants' (Except John A. Boschi) Response to Plaintiff's Motion for Protective Order, Ex. B. This memo directs all PTC employees to refer any questions regarding incidents on the Pennsylvania Turnpike to the PTC Chief Counsel. In addition, Christy avers that several PTC employees have been personally instructed not to speak with him. Christy Affidavit ¶¶ 1–4.

These allegations are insufficient to support a claim that the PTC has issued a blanket instruction to its employees to not speak with Christy. Nor has Christy met his burden of showing good cause for a protective order. Christy has not provided the Court with any evidence that would demonstrate that the memo has kept any employees from talking to him. Although Christy avers that certain people were specifically told not to speak with him, Defendants expressly deny this allegation in their own affidavit.[2] Baylson Affidavit ¶¶ 2, 5–6.

Additionally, Christy has not shown with any amount of particularity how ex parte contact would save time or money. He has

1. Defendants assert that a protective order is inappropriate in these circumstances. A protective order may direct that discovery may not be had, may be had only under specified conditions or by specified methods, that certain matters are outside the scope of discovery, or that depositions or other discovery may be sealed or otherwise kept confidential. Fed.R.Civ.P. 26(c). Plaintiff's request does not appear to fall into one of those categories. However, for the purposes of deciding this motion, and because it is denied

on substantive grounds, the Court assumes, without deciding, that a protective order could be granted in this situation.

2. Defendants acknowledge that they instructed Louis and James Sperduti to not speak with Christy. Both men, however, have been deposed by Christy, so presumably Christy is not seeking ex parte contact with them.

not indicated how many people he wishes to interview or any other particular information. A conclusory "recitation of expense and burdensomeness" is not sufficient to support a motion for a protective order, yet this is all that Christy provides.

■ Because we find Christy's allegations of good cause to be insufficient, his motion for a protective order and request for sanctions are denied.[3]

An appropriate Order follows.

### ORDER

AND NOW, this 6th day of September, 1994, upon consideration of Plaintiff's Motion for Protective Order Prohibiting Defendants and their Attorneys from Instructing Pennsylvania Turnpike Commission Employees Not to Discuss Defendants' Hiring and Promotional Practices with Plaintiff and his Attorneys, and the responses thereto, the Motion is hereby DENIED in its entirety.

---

**3.** Christy has asserted a broad right to have ex parte communications with PTC employees. He argues that both he and PTC employees have a First Amendment right to speak with each other and points to cases that permit ex parte communications with a party's non-managerial employees. *Mompoint v. Lotus Dev. Corp.,* 110 F.R.D. 414 (D.Mass.1986); *Frey v. Department of Health and Human Servs.,* 106 F.R.D. 32 (E.D.N.Y. 1985); *Vega v. Bloomsburgh,* 427 F.Supp. 593 (D.Mass.1977). The PTC argues that it has not instructed its employees to not speak with Christy and that therefore, the issue is moot. We agree. In addition, we note that Christy seeks ex parte communication with PTC employees solely for discovery purposes. Accordingly, any information he may gain from ex parte communications with PTC employees would not be admissible at trial as PTC admissions or the like. *See Frey,* 106 F.R.D. at 38; Pa.Rules of Professional Conduct Rules 3.4(d), 4.2.