**UNITED STATES of America,**
**Plaintiff,**

v.

**CITY OF MILWAUKEE et al.,**
**Defendants.**

**No. 74–C–480.**

United States District Court,
E. D. Wisconsin.

April 10, 1975.

James S. Angus, Louis G. Ferrand, Jr., and Teresa M. Holland, Attys., Dept. of Justice, Washington, D. C., William G. Mulligan, U. S. Atty., Milwaukee, Wis., for plaintiff.

James B. Brennan, U. S. Atty., Maurice L. Markey, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff United States of America has moved this court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a preliminary injunction enjoining the defendant City of Milwaukee ("City"), the defendant Commissioners of the Milwaukee Fire and Police Commission ("F.P.C."), and the defendant Harold A. Breier, Chief of Police of the Milwaukee Police Department ("M.P.D."), from enforcing Rule 29, Section 24, of the M.P.D.'s Rules and Regulations against any M.P.D. employee who speaks with representatives of the Department of Justice regarding the defendants' alleged discriminatory employment practices, thereby discouraging them from cooperating with the United States in its prosecution of this lawsuit, in violation of Section 704(a)

of Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. § 2000e–3(a)].

A hearing on plaintiff's motion was held on March 24, 1975, and the Court has fully considered the briefs and arguments of the parties. In view of the limited nature of the hearing held on March 24, 1975, and because the issue of whether Rule 29, Section 24, is a constitutional and reasonable rule which is necessary to the effective administration of the police force has not been fully briefed or litigated, I will construe plaintiff's motion as a request for an order governing the discovery in this particular lawsuit under Rule 37 of the Federal Rules of Civil Procedure. Thus, the sole question before this court at this time is the validity of Rule 29, Section 24, as its affects discovery in this particular lawsuit. I conclude that the existence and interpretation of Rule 29, Section 24, of the Rules and Regulations within the context of this lawsuit improperly and illegally interferes with plaintiff's discovery, conflicts with the intent of Section 704(a) of Title VII of the Civil Rights Act, and consequently cannot be enforced against those employees of the M.P.D. who participate in this action or against anyone in the future for acts done in compliance with this decision and order.

## I.

The Rules and Regulations of the M.P.D. govern the conduct of all employees of the M.P.D., and all officers are expected to know and follow the Rules and Regulations. Rule 29, Section 24, of the M.P.D.'s Rules and Regulations provides that:

"Members of the Department shall treat as confidential the official business of the Department. They shall not impart it to anyone except those for whom it is intended, or as directed by their commanding officer, or under due process of law; and they shall not make known to any person, wheth-er or not a member of the Department, any special order which they receive, unless required by the nature of the order."

Defendant Breier has testified under oath in this case that Rule 29, Section 24, of the Rules and Regulations applies to interviews of M.P.D. employees by attorneys and other employees of the Department of Justice regarding the M.P.D.'s alleged discriminatory practices. Defendant Breier has also testified that if an employee of the M.P.D. were to talk with representatives of the Department of Justice regarding the terms and conditions of his or her employment and the fact of the employee talking to the Department of Justice came to the attention of defendant Breier, the M.P.D. employee would be investigated and charges could be preferred against the employee if Rule 29, Section 24, as interpreted by Breier, was violated. Defendant Breier's interpretation of the requirements of M.P.D.'s Rule 29, Section 24, with respect to this case has been reported in both the Milwaukee Journal and the Milwaukee Sentinel newspapers in conjunction with plaintiff's deposition of Chief Breier in December 1974.

Because of M.P.D.'s Rule 29, Section 24, and defendant Breier's publicized interpretation of it, Department of Justice attorneys have encountered refusals on the part of some M.P.D. employees to be interviewed regarding the alleged discriminatory employment practices of the defendants. On March 5, 1975, the Department of Justice formally requested that the Federal Bureau of Investigation ("F.B.I.") interview approximately fifty policewomen and black male police officers who are currently employed by the M.P.D. regarding the M.P.D.'s alleged discriminatory employment practices. In attempting to conduct its investigation, agents of the F.B.I. contacted approximately eight policewomen and twenty-one black police officers of the M.P.D. Of that total, only three persons consented to be interviewed by the F.B.I.

On March 11, 1975, the F.B.I. contacted two policewomen employed by the M.P.D. Both refused to submit to an interview without first obtaining the permission of Police Chief Breier or a superior. On March 12, 1975, the F.B.I. contacted another policewoman employed by the M.P.D. She refused to submit to an interview, stating that it is the policy of the M.P.D. that officers do not discuss matters concerning the Department with individuals outside the Department. On March 28, 1975, Teresa Holland, one of the attorneys representing the United States in this action, contacted a black patrolman in the M.P.D. who informed her that he was required by his captain to write a report concerning his contact with the F.B.I. in connection with the investigation of this case. Consideration of these specific incidents and a common sense evaluation of the circumstances makes it evident that Rule 29, Section 24, as interpreted by defendant Breier and as publicized in the local Milwaukee newspapers, has had the effect of discouraging employees of the M.P.D. from speaking to or cooperating with the United States in this lawsuit.

## II.

The United States has not been able to adequately prepare for trial or conduct essential investigation and discovery in this case because of the threat of investigation and/or charges which is posed by Rule 29, Section 24, and Breier's interpretation of that rule.

 Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. § 2000e–3(a)] ("Title VII"), provides in pertinent part that:

"It shall be an unlawful employment practice for an employer to discriminate against any of his employees * * * because he has opposed any practice made an unlawful employment practice by this subchapter, or *because he has made a charge, testi-*

*fied, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."* (Emphasis supplied.)

In employment discrimination suits brought under Title VII, the Attorney General acts in the public interest to enforce the strong national policy against employment discrimination which underpins the provisions of Title VII. United States v. Hayes International Corp., 415 F.2d 1038 (5th Cir. 1969). In order to implement that policy in this case, it is essential both to the Attorney General's ability to fully prepare and present this case in court and also to the rights of M.P.D. employees who are alleged discriminatees or potential witnesses that such M.P.D. employees be able to freely come forward without standing in fear of sanctions against them pursuant to M.P.D.'s Rule 29, Section 24.

The application or threat of application of M.P.D.'s Rule 29, Section 24, by defendant Breier or his officers, agents, or employees within the context of this lawsuit constitutes an improper infringement of the right of the Department of Justice attorneys and their representatives to communicate with potential witnesses and discriminates and, therefore, conflicts with Section 704(a) of Title VII and constitutes an unlawful threat of sanctions in violation of Title VII. The threat or "chilling effect" posed by Breier's interpretation of the rule cannot be allowed to frustrate plaintiff's discovery efforts in this lawsuit. Unless the Court prohibits the application of this rule by Chief Breier with respect to M.P.D. employees who are interviewed by plaintiff, or its agents, regarding defendants' alleged discriminatory employment practices and provides effective publication of the prohibition, the continued application of the rule will improperly infringe on the Government's right to conduct discovery in this action and will result in a frustration of congressional intent as embodied in Section 704(a) of Title VII.

### III.

It is therefore ordered that defendant City of Milwaukee, the defendant Commissioners of the Milwaukee Fire and Police Commission, and the defendant Harold A. Breier, Chief of Police of the Milwaukee Police Department, are prohibited from:

1. Enforcing M.P.D.'s Rule 29, Section 24, against any M.P.D. employee who speaks with representatives of the Department of Justice in this case regarding the defendants' alleged discriminatory employment practices which are the subject of this lawsuit.

2. Enforcing any other rule or regulation or ordinance of the M.P.D., the F.P.C., or the City which would have as its purpose or effect the discouragement of M.P.D. employees from talking with or cooperating with representatives of the Department of Justice regarding this case.

While no M.P.D. employee is required to talk with the Department of Justice regarding the defendants' alleged discriminatory employment practices, all such employees are free to do so. In the event that a M.P.D. employee decides to talk and/or talks with representatives of the Department of Justice regarding this case: (a) he or she does not need prior permission of any superior in the M.P.D., the F.P.C., or the City; and (b) he or she does not have to report to any superior in the M.P.D., the F.P.C., or the City the fact that he or she has talked with representatives of the Department of Justice.

In addition, the defendants in this case and their officers, agents, and employees are permanently prohibited from:

1. Investigating any M.P.D. employee because he has talked with representatives of the Department of Justice in this case regarding defendants' alleged discriminatory employment practices.

2. Using the fact that an M.P.D. employee has cooperated with the United States in this case as a consideration in denying or granting any promotion, transfer, or assignment in the M.P.D.

3. Using the fact that an employee has cooperated with the United States in this case as a consideration in any City, F.P.C., or M.P.D. performance, efficiency, or personnel evaluation of the employee.

4. Making any notation in any City, F.P.C., or M.P.D. personnel record of any kind to the effect that a M.P.D. employee cooperated with the United States in this case.

Within five calendar days of the entry of this decision and order, the defendants shall place notices on all bulletin boards in the M.P.D. and the F.P.C. announcing to all M.P.D. employees the contents of this decision and order. The notice shall be maintained in a prominent place on all such bulletin boards until such time as a final ruling has been entered in this case by this Court. The form of the notice shall be prepared by counsel for the United States and submitted to this court for approval after first submitting it to the defendants for their approval or comments as to form.

In addition, beginning on the day after the entry of this decision and order, defendant Breier, or his representative(s) in the M.P.D., shall announce at every M.P.D. roll call for a period of five days the contents of this decision and order. The form of the announcement shall also be prepared by counsel for the United States and submitted to this court for approval after first submitting it to the defendants for their approval or comments as to form.