**CITY OF MILWAUKEE,**
**Plaintiff,**

v.

**William SAXBE, in his capacity as Attorney General of the United States of America, his officers, agents, officials, and employees, their successors, and all others acting in concern or cooperation with them or at their direction or control, Defendant.**

**Civ. A. No. 74-C-422.**

United States District Court,
E. D. Wisconsin.

Nov. 21, 1975.

James B. Brennan, City Atty. by Joseph H. McGinn, Asst. City Atty., Milwaukee, Wis., for plaintiff.

William J. Mulligan, U. S. Atty., by Leah M. Lampone, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

In this action plaintiff City of Milwaukee ("City") challenges the defendant Attorney General's policies regarding the enforcement of federal laws barring discrimination in employment. The Attorney General has filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Rule 12(b)(1), (6), Federal Rules of Civil Procedure. For the reasons that follow the complaint does fail to state a claim and must be dismissed.

The complaint alleges that on May 22, 1973, the Attorney General commenced an investigation of the employment practices of the Milwaukee Fire and Police Commission. Following meetings between agents of both parties, recommendations were made that the City should increase its minority hiring. The complaint further alleges that, despite the efforts of the City to comply with these recommendations, the Attorney General's investigation continued and culminated in the filing of a civil action charging the existence of a pattern and practice of discrimination on the basis of race and sex in employment within the Fire and Police Departments.* The complaint also alleges that the Attorney General did not investigate any of the other municipalities located within Milwaukee County or the Milwaukee metropolitan area, and that no recommendations were made to these other municipalities that they increase the representation of minorities and women in their Fire and Police Departments. The complaint charges that this allegedly discriminatory enforcement policy is in violation of: (1) Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e et seq.; (2) the State and Local Fiscal Assistance Act of 1972, 31 U.S.C. § 1221 et seq.; (3) Section 518 of the Omnibus

Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3766(c); (4) 42 U.S.C. § 1981; (5) 42 U.S.C. § 1983; (6) the Fifth Amendment; and (7) the Fourteenth Amendment.

■ Fairly read, the complaint attempts to allege that the Attorney General's enforcement policy violates both the federal statutes named above and also the Fifth Amendment. Since 28 U.S.C. § 1361 is a grant of subject matter jurisdiction for actions claiming that a federal official has violated a federal statute or constitutional provision, the Attorney General's motion to dismiss for lack of subject matter jurisdiction must be denied.

■ The City has contended that the Attorney General is charged with the affirmative duty of investigating discriminatory employment practices in all the municipalities in the Milwaukee area under Title VII, the State and Local Fiscal Assistance Act of 1972, and the Omnibus Crime Control and Safe Streets Act of 1968. Therefore, the City continues, until such time as all other municipalities have been investigated, the Attorney General cannot enforce these federal laws against any single municipality. Close inspection of the enforcement provisions of these statutes reveals, however, that the City's argument rests on an erroneous premise. Each statute, 42 U.S.C. § 2000e–6(a), § 3766(c)(3), and 31 U.S.C. § 1242(c), grants the Attorney General discretion over whether, and when, to commence such civil actions. No provision of these statutes requires the Attorney General to act simultaneously with respect to each municipality in a metropolitan area or forfeit the right to bring an action against any one of them. The City has cited no decision which has accepted this rather startling contention, and it is rejected.

■ The City has conceded that 42 U.S.C. § 1983 and the Fourteenth Amendment are not applicable to federal

---

* *United States of America v. City of Milwaukee*, 390 F.Supp. 1126 (E.D.Wis.1975); 395 F. Supp. 725 (E.W.Wis.1975).

officials, but has insisted that 42 U.S.C. § 1981 does place limitations on their actions since it was enacted under authority of the Thirteenth Amendment. *Tillman v. Wheaton-Haven Recreational Ass'n*, 410 U.S. 431, 93 S.Ct. 1090, 35 L. Ed.2d 403 (1973). That statute provides:

> "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

But the City has not coherently explained how the actions alleged in the complaint, i. e., the initiation of a civil action against the City for alleged discriminatory employment practices, can itself be a violation of any rights which the City might have under § 1981.

Finally, the City has argued that the Fifth Amendment places limitations on the Attorney General's discretion and that the enforcement policy alleged in the complaint violates the City's right to due process of law. To understand the context of this claim, however, other portions of the complaint must be viewed. Thus, the complaint alleges that, according to the 1970 census, the City has a population of 717,372 persons, of whom 105,088 are blacks and 15,589 Spanish speaking. Further, the black and Spanish speaking population of the City constitutes 97% of the total black and Spanish speaking population of Milwaukee County and 96% of the black and Spanish speaking population in the Milwaukee metropolitan area, which has a total population of 1,403,688.

While there is an equal protection aspect to the Fifth Amendment's due process clause, *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), and unjust discriminations between persons in similar circumstances by law enforcement officials can constitute an equal protection violation, *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886), the complaint herein fails to raise this issue. It is apparent that the Attorney General has chosen to enforce Title VII against the largest municipality within the Milwaukee metropolitan area, and the one municipality which has almost all the minority population. Success in the pending lawsuit against the City would manifestly have a greater impact on minority employment in the metropolitan area than if the Attorney General had sued a smaller municipality. Since the Attorney General does not have unlimited resources, the choice which has been made appears reasonable.

Additionally, where governmental action is taken with the purpose of remedying existing discriminatory practices, the governmental action is not to be subjected to close judicial scrutiny merely because more pervasive action might have been undertaken. *Katzenbach v. Morgan*, 384 U.S. 641, 656–658, 86 S.Ct. 1717, 16 L.Ed.2d 828 (1966).

Since the complaint fails to state a claim upon which relief may be granted,

It is ordered that defendant's motion to dismiss for failure to state a claim is granted and that this action is dismissed.