Hillsborough
No. 91-517

## Union Leader Corporation

### v.

## William W. Fenniman, Jr., Chief and Dover Police Department

February 17, 1993

*Malloy & Sullivan, P.C.*, of Manchester (*Gregory V. Sullivan* on the brief and orally), and *Law Office of Donald A. Kennedy*, of Manchester (*Donald A. Kennedy* on the brief), for the plaintiff.

*George E. Wattendorf* and *Scott E. Woodman*, of Dover (*Mr. Wattendorf* orally), for the defendants.

*H. Bernard Waugh, Jr.*, of Concord, legal counsel, by brief for New Hampshire Municipal Association, as *amicus curiae*.

*Douglas & Douglas*, of Concord (*Charles G. Douglas, III* on the brief), by brief for New Hampshire Police Association, as *amicus curiae*.

*John P. Arnold*, attorney general (*Daniel J. Mullen*, assistant attorney general, on the brief), by brief for the State, as *amicus curiae*.

New Hampshire Association of Chiefs of Police, by brief, as *amicus curiae*.

JOHNSON, J.   This case involves a petition filed by the plaintiff, Union Leader Corporation (Union Leader), under the Right-to-Know Law, RSA chapter 91-A, for access to certain investigatory documents under the control of the defendants, the Dover Police Department (the department) and William W. Fenniman, Jr., the department's chief. The Superior Court (*Sullivan*, J.) granted the Union Leader's petition, and the defendants appeal. We reverse, holding the documents exempt from disclosure as "[r]ecords pertaining to internal personnel practices," under RSA 91-A:5, IV (Supp. 1992).

The documents in question were compiled during an internal investigation of a department lieutenant accused of making harassing phone calls. The department ultimately concluded that the lieutenant made the calls, but without an intent to harass. The department, however, determined that the lieutenant had been dishonest during the investigation and therefore suspended him from duty without pay for six pay periods. Because the department eventually released

its "Internal Investigation Disposition Forms" to the Union Leader, detailing the facts related above along with the lieutenant's name, the only documents at issue in this appeal are the department's memoranda and other records compiled during the investigation.

We begin our analysis by examining the words of the statute under which the defendants claim exemption, RSA 91-A:5, IV (Supp. 1992). *See Chambers v. Geiger*, 133 N.H. 149, 152, 573 A.2d 1356, 1357 (1990). The statute provides that "[r]ecords pertaining to internal personnel practices" are not subject to the disclosure requirements of chapter 91-A. This particular portion of RSA 91-A:5, IV (Supp. 1992) has not been construed by this court and is neither explained nor defined by the statute. We therefore rely on the plain meaning of the words and turn to the legislative history only if the language is ambiguous. *See State v. Johnson*, 134 N.H. 570, 575–76, 595 A.2d 498, 502 (1991).

Although we generally interpret the exemptions in RSA chapter 91-A restrictively to further the purposes of the Right-to-Know Law, *see Mans v. Lebanon School Bd.*, 112 N.H. 160, 162–63, 290 A.2d 866, 867 (1972), the plain meanings of the words "internal," "personnel," and "practices" are themselves quite broad, *see* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1180, 1687, 1780 (unabridged ed. 1961). The most we can say for the Union Leader's position is that the dictionary does not explicitly include documents such as internal police investigatory files within these definitions. These files plainly "pertain[] to internal personnel practices" because they document procedures leading up to internal personnel discipline, a quintessential example of an internal personnel practice.

Moreover, even if the statute could be deemed ambiguous, a look at the relevant legislative history only weakens the Union Leader's case. The legislature's intent with regard to RSA 91-A:5, IV (Supp. 1992) is revealed in the history of another statute, RSA 516:36, II (Supp. 1992), which states:

> "All records, reports, letters, memoranda, and other documents relating to any internal investigation into the conduct of any officer, employee, or agent of any state, county, or municipal law enforcement agency having the powers of a peace officer shall not be admissible in any civil action other than in a disciplinary action between the agency and its officers, agents, or employees."

At the same time the legislature was considering passage of what is now RSA 516:36, II (Supp. 1992), it was also overhauling RSA chapter 91-A into its modern form. *Compare* N.H.H.R. JOUR. 615–18 (1986) (discussing judiciary committee report of House Bill 123, precursor to current RSA chapter 91-A, and approving amendments) *with* N.H.H.R. JOUR. 620–22 (1986) (discussing judiciary committee report of House Bill 269, precursor to RSA 516:36 (Supp. 1992), and approving amendments). Moments after Representative Donna Sytek gave the judiciary committee's report on the Right-to-Know bill, *see* N.H.H.R. JOUR. 615–18 (1986) (House Bill 123 approved and ordered to third reading), she gave a report from the same committee on what is now RSA 516:36, II (Supp. 1992). Speaking in favor of the latter bill, she stated: "[It] provides that proceedings of internal police investigations may not be introduced as evidence in a civil suit other than a disciplinary action. Protection for these files, *which will remain confidential under the Right-to-Know law* will encourage thorough investigation and discipline of dishonest or abusive police officers." N.H.H.R. JOUR. 621 (1986) (emphasis added) (House Bill 269 approved and ordered to third reading). The House of Representatives passed both bills later that day. N.H.H.R. JOUR. 645 (1986).

■ ■ Representative Sytek's remarks indicate an assumption that RSA chapter 91-A exempted police internal investigatory files from public disclosure. As there have been no relevant changes to the Right-to-Know Law since 1986, we must honor the expressed intent of the legislature as expressed in the statute itself and reverse the superior court's ruling. Although we have often applied a balancing test to judge whether the benefits of nondisclosure outweigh the benefits of disclosure, *see Chambers v. Gregg*, 135 N.H. 478, 481, 606 A.2d 811, 813 (1992) (construing the phrase "[r]ecords pertaining to . . . confidential . . . information"); *Mans*, 112 N.H. at 162, 290 A.2d at 867 (deciding whether teachers' salaries were exempt "as financial information or as private information"), such an analysis is inappropriate where, as here, the legislature has plainly made its own determination that certain documents are categorically exempt. We hold the documents at issue exempt under RSA 91-A:5, IV (Supp. 1992) and, therefore, reverse.

*Reversed.*

THAYER, J., did not sit; the others concurred.