Hoyt v. Connare                    CV-95-168-B   04/10/96  P

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Karl B. Hoyt

    v.                                    Civil No. 95-168-B

David Connare, et al.


## O R D E R


Currently for the court's consideration is Plaintiff's Motion to Compel Discovery (document no. 12).  For the reasons set forth below, the motion is granted in part and denied in part.

BACKGROUND

On March 29, 1995 plaintiff, Karl Hoyt, filed an action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants David Connare (police officer for the Manchester Police Department), Marc Desilets (police officer for the Manchester Police Department), and Peter Favreau (Chief of Police for the Manchester Police Department). Specifically, the complaint alleges that the plaintiff was subjected to the use of excessive force by Manchester Police Department personnel.  The complaint also suggests that the City of Manchester has established a municipal custom or policy of deliberate indifference to, or tacit approval of, constitutional deprivations inflicted on individuals arrested or detained by the City of Manchester Police Department.

Following the commencement of his action, plaintiff compiled and directed a set of interrogatories and production of documents

on defendants Connare, Desilets and Favreau. According to the plaintiff, the discovery requests were calculated to identify and obtain admissible evidence, or inadmissible evidence reasonably calculated to lead to the discovery of admissible evidence.

After plaintiff allegedly granted defendants several extensions of time in which to complete the discovery requests, the defendants submitted their responses in July and August, 1995.

Upon review of the responses, however, plaintiff discovered that defendants failed to provide complete answers. Unable to work his discovery dispute out with the defendants, plaintiff filed the motion to compel now for consideration. As support for the motion, the plaintiff identifies specific questions or inquiries posed to the defendants which have not been properly addressed or answered. Generally speaking, plaintiff seeks the following remaining information: (1) whether, by whom, and when any internal affairs investigations were conducted which concern the facts and circumstances giving rise to the instant action; (2) the names of the individuals who serve as the custodian of records for internal investigation documentation; (3) results/determinations of particular investigations along with any written or recorded statements; (4) identity of any persons having, or claiming to have, information relating to the facts and circumstances giving rise to the instant action and who have given statements; (5) a list of all complaints made against the City of Manchester during the last ten years concerning

2

allegations of police misconduct in the specific areas of use of force, prisoner abuse or mishandling and failure to render medical treatment; (6) identification of all instances of disciplinary actions taken against Manchester Police Department employees stemming from allegations of police misconduct in the area of use of force, prisoner abuse or mishandling and failure to render medical treatment; (7) identification of all instances of complaints and/or disciplinary actions against Manchester Police Department employees which resulted from allegations of police misconduct in the area of "gay bashing"; and (8) the name of the person who cleaned up the blood that was found in the cell in which the plaintiff was detained.

Defendants object to plaintiff's motion stating that the plaintiff is not entitled to the "documents and information sought and, moreover, that the City of Manchester could be subjected to future liability if it does release the requested materials, in that such disclosure would not only violate the defendants' privacy interests and privileges, but would also unjustly intrude upon the privacy of numerous individuals having no connection to this litigation." Defendants' Objection to Plaintiff's Motion to Compel Discovery at page 2. With regard to internal investigations, defendants assert that "it is a well-settled principle of New Hampshire law that such information is privileged from disclosure" under N.H. Rev. Stat. Ann. §§ 91-A:5, 105:13-b and 516:36. Id.

3

DISCUSSION

The law is well-established that, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed. R. Civ. P. 26 (b)(1). It is not grounds for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Id. The underlying purpose of the "modern discovery doctrine" is to allow parties to obtain "the fullest possible knowledge of the issues and facts before trial." LeBarron v. Haverhill Cooperative School Dist., 127 F.R.D. 38, 40 (D.N.H. 1989) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2001 at 13). Fed. R. Civ. P. 26(b)(1) was added to tailor discovery to the issues involved in the particular case and prevent over discovery. See Mack v. Great Atlantic and Pacific Tea Co., Inc., 871 F.2d 179, 187 (1st Cir. 1989)(citing Fed. R. Civ. P. 26 Advisory Committee's Notes (1983 amendments)). A "court should develop the parameters of . . . discovery . . . by carefully weighing the interests involved, balancing the importance of [any] privilege asserted against the defending party's need for the information to construct its most effective defense." Greater Newburyport Clamshell Alliance v. Public Service Co. of New Hampshire, 838 F.2d 13, 20 (1st Cir. 1988). In weighing all interests involved, a court must consider the relevance of the requested information and whether the information will aid in the presentation of the

4

case. _Id._

Prior to addressing the specific material requested by the plaintiff, a consideration into defendants' main reasons for not producing information and documentation is warranted. The defendants vehemently attempt to draw support for their decision to refrain from disclosing certain information by maintaining that the internal investigation files, and similar information requested by the plaintiff, are exempt from public disclosure under RSA 91-A:5, 516:36 and 105:13-b. Defendants' Objection to Plaintiff's Motion to Compel Discovery at page 4 (citing _Union Leader Corp. v. Fenniman_, 136 N.H. 624 (1993)).

Although RSA 91-A:5 does provide exceptions to disclosure requirements, it is generally recognized that, with respect to federal claims, a court is not obligated to apply the privileges provided by a state statute unless the court chooses to do so. _Garrity v. Thomson_, 81 F.R.D. 633, 635 (1979); _Gomez v. Nashua_, No. 87-306-D (D.N.H. filed June 21, 1989). Moreover, this court has held that "in nondiversity federal cases, RSA 91-A is not applicable." _Houle v. Manchester_, No. CV-89-178-D, slip op. at 3 (D.N.H. May 18, 1990).

Similar to the instant case, _Houle v. Manchester_, _supra_, involved discovery requests of police files. In resolving the discovery dispute, the court, _id._ at 4, held:

> In civil rights actions, an important factor in "the
> determination as to whether particular evidence should be
> discovered is the importance of the evidence to the
> plaintiffs' case." _Inmates of Unit 14 v. Rebideau_, 102
> F.R.D. 122, 128 (N.D.N.Y. 1984).

5

Given the case law that has emanated from this jurisdiction concerning the applicability of RSA 91-A:5 and recognizing the magnitude of the claims presented in plaintiff's action, this court concludes that RSA 91-A:5 does not prevent the type of disclosure to which the plaintiff is currently seeking.

Defendants next suggest that the particular information sought by the plaintiff is protected from discovery by RSA 516:36. As support for this proposition, defendants rely on Topp v. Wolkowski, No. 90-496-S (D.N.H. November 12, 1992) which states, in part, "[t]he records and reports of police officers relating to any internal investigation into the conduct of any officer of any state law enforcement agency are . . . protected from discovery by New Hampshire RSA 516:36, II . . . ."

RSA 516:36, II provides:

> All records, reports, letters, memoranda, and other documents relating to any internal investigation into the conduct of any officer, employee, or agent of any state, county, or municipal law enforcement agency having the powers of a peace officer shall not be admissible in any civil action other than in a disciplinary action between the agency and its officers, agents, or employees. Nothing in this paragraph shall preclude the admissibility of otherwise relevant records of the law enforcement agency which relate to the incident under investigation that are not generated by or part of the internal investigation. For the purposes of this paragraph, "internal investigation" shall include any inquiry conducted by the chief law enforcement officer within a law enforcement agency or authorized by him.

The simple answer to defendants' contention is that "the law of the State of New Hampshire, statutory or decisional, is not here applicable." Parker v. Nashua, CV-91-407-D (D.N.H. filed July 14, 1992). "Civil rights cases are not cases in which

6

`State law supplies the rule of decision.'"  Id. (quoting Rule 501 Fed. R. Evid.); Garrity, 81 F.R.D. at 633.  Further, in actions where both federal law claims and state law claims are alleged, the federal rule shall be applied.  William T. Thompson Co. v. General Nutrition Corp., Inc., 671 F.2d 100, 104 (3d Cir. 1982); O'Neil v. Q.L.C.R.I., Inc., 750 F. Supp. 551, 557 (D.R.I. 1990).  "Inasmuch as the law of evidence governing the actual trial as to privileged matters also governs discovery examination under Rule 26(b), . . . [a court] need not apply state law as to privilege unless [it chooses] to do so."  Garrity, 81 F.R.D. at 635.  Accordingly, defendants may not seek protection from plaintiff's discovery requests by asserting a privilege under RSA 516:36.

As a tangential but relevant aside, the defendants are correct in suggesting that the court in Topp, supra, prevented the disclosure of internal police investigation reports. However, the court's decision restricting disclosure was not based on RSA 516:36.  While the court recognized the strong policy decisions against disclosure of internal investigations, the denial of the discovery was attributable to the fact that the "defendants have clearly demonstrated to this court that the same information plaintiff seeks can be obtained through other means and lead to the same admissible evidence."  Topp, No. 90-496-S at 3.  This determination was the result of balancing the benefits of discovery and the harm resulting from disclosure.  Garrity, 81 F.R.D. at 637.  Consequently, despite the conclusion by the Topp

7

court preventing the plaintiff there from discovering internal investigation information, the decision is not construed, by this court, as one requiring an across the board prevention of discovery of police records and reports pertaining to internal investigations.

As additional support for their objection to plaintiff's motion to compel discovery, the defendants suggest that the discovery sought should not occur given the applicability of RSA 105:13-b. RSA 105:13-b concerns personnel files of police officers serving as a witness or prosecutors in a criminal case. Accordingly, the provision has no application to the discoverability of the files now at issue.

Boiling the applicability of the aforementioned state statutes down to their essence, New Hampshire courts considering issues of disclosure utilize a "balancing test," the intent of which is to determine "whether the benefits of disclosure outweigh the benefits of nondisclosure." Union Leader, 136 N.H. at 627; Mans v. Lebanon School Bd., 112 N.H. 160, 162 (1972); Perras v. Clements, 127 N.H. 603, 604-05 (1986). This balancing process has also been used by the First Circuit as well as this court. Greater Newburyport Clamshell Alliance, 838 F.2d at 13.

Having determined that various state statutes do not automatically prevent the type of discovery sought by the plaintiff, the court is now in a position to consider plaintiff's requests in the context of the balancing approach noted previously as well as general discovery notions embodied in the

8

Federal Rules of Civil Procedure.


I.   Information pertaining to date and outcome of investigations

In interrogatory number 21 posed to defendant Desilets and interrogatory number 21 posed to defendant Connare, plaintiff requested information as to whether any investigations were performed regarding actions occurring on May 31, 1994. If investigations were conducted, the plaintiff requested the identity of the person(s) who initiated and were in charge of such investigations, the date of the proceeding, and the outcome of the proceeding.

Upon reviewing the answers provided by defendants, the court concludes that defendants have provided adequate answers to most of the information sought in the interrogatory. Specifically, defendants' answers indicate that an internal investigation was conducted in response to plaintiff's complaint. Further, the responses reveal that a Lt. Steinmetz was the person responsible for conducting the investigations. The responses by defendants, however, do not reveal the date of the investigations nor the outcome of the investigation.

In weighing the plaintiff's need for the disclosure of the date and outcome of particular investigations against the defendants' concern for privacy, the balance in this case tips in favor of disclosure. The matters into which the plaintiff seeks to inquire appear closely related to various allegations in the complaint. Fundamentally, within the complaint, plaintiff

alleges that defendant(s) have "through deficient supervision, training, discipline and remedial action, established a municipal custom or policy of deliberate indifference to, or tacit approval of, constitutional deprivations inflicted on City of Manchester Police Department arrestees and pretrial detainees." Plaintiff's Complaint at ¶47. The information sought by the plaintiff is neither tangential nor remote from the central legal issues encompassed in this case and may address the protocol by which Manchester police balance their enforcement obligations against the constitutional rights of the citizenry. Defendants have also offered no indications that the character of the information sought by the plaintiff is available from other sources, and the probative value of the information sought by the plaintiff is strong enough to overcome the privacy interest claimed by defendants. Accordingly, defendants Desilets and Connare shall provide information concerning the date of any investigation performed in response to actions occurring on May 31, 1994 as well as the outcome of such investigations.

## II. Statements from others with knowledge of the incident

Within interrogatory number 23 originally posed to defendant Desilets and interrogatory number 23 presented to defendant Connare, plaintiff sought information as to whether defendants were aware of any statements, oral or written, pertaining to the incident at issue which were made by any other person(s). To the extent any such statements exist, plaintiff also sought the

10

identity and last known location of the person(s) providing the statement.

In responding to the request, both defendants stated that "[o]ther than testimony offered at the Manchester District Court and the Administrative License Suspension hearing, [they] know of no statements." Irrespective of their assertion that RSA 516:36 prevents discovery of the sort requested by the plaintiff, Defendants' answers are adequate and complete. Accordingly, to the extent plaintiff seek to compel defendants to provide any additional information with respect to these interrogatories, the request is denied.

III. Statements by defendants concerning May 31, 1994 incident

In interrogatory number 24 submitted to defendant Desilets and interrogatory number 25 given to defendant Connare, plaintiff requested information regarding whether defendants have provided "any written or recorded statement concerning the incident to any person or entity." If defendants have made such statements, plaintiff also sought the person or entity to which such statements were given and the present custodian of the statements.

With the exception of providing the name of the present custodian of their statement, defendants have reasonably answered plaintiff's interrogatories. Both defendants informed plaintiff that they gave statements at the internal affairs investigation. Defendant Desilets also indicated that he gave a deposition

11

before Attorneys King and Flood on October 13, 1994 as well as testimony at the Manchester District Court. Defendant Connare stated that he provided testimony at the Manchester District Court trial and the Administrative License Suspension hearing.

To the degree defendants Desilets or Connare are aware of the present custodian of their statements provided at their internal investigation proceedings, they shall provide such information to the plaintiff. Beyond this information, defendants have adequately responded to plaintiff's requests.

## IV. Evaluations, investigations or reviews of police officers

Within interrogatory number 5 presented to defendant Favreau, plaintiff requested evaluations, investigations or other reviews (written, electronic or otherwise) regarding actions, by Officer David Connare, Officer Marc Desilets and Lt. Doherty, relating to or referring to the use of force, or the failure to intervene in the unauthorized use of force, against a suspect, potential suspect, or other individual. With respect to any evaluations and investigations performed, plaintiff also requested information about the name, title and current home address of each person who conducted or participated in the evaluation or investigation. Additionally, plaintiff sought information concerning a particular statement made by Lt. Doherty to Brian Denault.

In carefully weighing the particular interests involved in

12

this case, the information requested, by plaintiff, in interrogatory number 5 is considered within the bounds of permissible discovery. The issues presented in this case involve serious allegations of excessive force and deliberate indifference to the serious medical needs of the plaintiff. The information sought in interrogatory number 5 appears directly related to those legal issues. Moreover, the material into which plaintiff seeks to inquire may be relevant to establishing a particular custom or practice of the Manchester Police Department. Although interrogatory number 5 is a relevant inquiry, plaintiff's version is overly broad and somewhat confusing. Accordingly, the court will tailor plaintiff's request in the following manner: defendant Favreau shall provide information as to whether any evaluations or investigations, conducted during the last three years, pertaining to allegations of excessive use of force, failure to intervene in circumstances involving excessive force, and/or failure to provide medical treatment or the statement allegedly made by Lt. Doherty set out in interrogatory 5 were charged or alleged against Officer David Connare, Officer Marc Desilets and Lt. Doherty. The information shall provide the date of the complaint, the nature of the complaint, the officer complained of, and the action taken, if any. The identity of the complainant is not to be provided at this time, but may be subject to further discovery consistent with privacy concerns. Defendant Favreau shall also indicate whether any records (written, electronic or otherwise) exist with

13

respect to each of the particular evaluations or investigations noted. However, with respect to plaintiff's request for the name, title and current home address of any person who is familiar with the particular evaluations and investigations, the request is denied.

V.    Complaints against the Manchester Police Department

Interrogatory number 9 propounded to defendant Favreau seeks information of any and all complaints, made against the police department in the last ten years, pertaining to excessive use of force, prisoner abuse or mishandling, or the failure to render medical treatment.

The defendant has responded to this inquiry by stating, in part, that the information requested is not kept in a way that is easily retrievable. Undoubtedly, requiring the defendant and other police department personnel to review documents (including hundreds of personnel files) originating back one decade is an unreasonable burden. However, defendant Favreau has been a high ranking officer with the police department for several years, which suggests a more practical approach to plaintiff's request. Chief Favreau is to answer interrogatory number 9 based on his own recollection and reasonable inquiry of other senior officers and records of any instances or complaints of police misconduct in the last five years in the areas of use of excessive force,

14

prisoner abuse or mishandling or the failure to render medical treatment. With respect to those instances or complaints identified, defendant, who has been sued solely in his official capacity, is to make a search of police department records for documents that directly relate to those instances or complaints. Defendant is to then identify all such events by date and description of the complaint.

## VI. Disciplinary actions against Police Department employees

In interrogatories numbered 10 and 11, plaintiff sought information from defendant Favreau concerning all instances involving the issuance or initiation of disciplinary actions resulting from allegations of police misconduct in the areas of use of force, prisoner abuse or mishandling, the failure to render medical treatment to individuals in the custody or control of the Manchester Police Department, and "Gay Bashing."

Here again, requiring defendant Favreau to search files compiled during the last ten years for the purpose of satisfying plaintiff's request would be unduly burdensome. However, the court is heedful that the information sought is relevant to plaintiff's case or likely to lead to the discovery of admissible evidence. Accordingly, defendant Favreau shall, from his personal recollection, reasonable inquiry of others and review of documents indicate whether there has been, within the last five years, any issuances or initiations of disciplinary actions against Manchester Police Department employees stemming from

15

allegations of police misconduct in the areas of use of force, prisoner abuse or mishandling, the failure to render medical treatment to individuals in the custody or control of the Manchester Police Department, or "Gay Bashing." To the extent defendant Favreau is able to identify instances of allegations of alleged police misconduct, before answering the interrogatories he shall make a review of police department records in order to determine whether any reports or files exist which pertain to such allegations.

## VII. Information concerning condition of plaintiff's cell

Aside from the issues surrounding the discoverability of internal police investigation records and reports, defendants seek to preclude the plaintiff from acquiring the address and telephone number of one Mr. Cusson. Mr. Cusson is allegedly the individual who was responsible for cleaning plaintiff's cell after the assault. According to the defendants, as a present employee of the municipal corporation which is potentially subject to liability in this matter, Mr. Cusson is an agent of the City and is under the municipality's control and direction. The defendants submit that defense counsel, as the chosen representative of the principal, should be present for any interview or deposition of Mr. Cusson. Notably, defendants fail to offer any case law to support the theory that Mr. Cusson is an agent under the control or direction of the municipality and may not be contacted by the plaintiff.

16

Courts have generally looked with disfavor on attempts to place limits on a lawyer's ability to interview prospective witnesses. Mompoint v. Lotus Development Corp., 110 F.R.D. 414, 417 (D.Mass. 1986); International Business Machines Corp. v. Edelstein, 526 F.2d 37, 41-42 (2d Cir. 1975). "Most of the reported cases . . . have dealt with governmental agencies which attempt to restrict their employees from speaking to counsel for opposing parties; court have uniformly prohibited any such restrictions." Mompoint, 110 F.R.D. at 417-418; see also Rodriguez v. Percell, 391 F. Supp. 38 (S.D.N.Y. 1975); United States v. City of Milwaukee, 390 F. Supp. 1126 (E.D.Wis. 1975); Vega v. Bloomsburgh, 427 F. Supp. 593 (D.Mass. 1977).

In weighing the municipality's interest of restricting the information which may be elicited from its (non-party) employees against the plaintiff's interest in having the fullest possible knowledge of the issues and facts before trial, the balance tips in favor of allowing unfettered access. Consistent with this approach, the United States Supreme Court has indicated that discovery should be liberally allowed and may properly encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "The parties must be permitted to scrutinize all relevant evidence so that each will have a fair opportunity to present its case at trial." Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990).

17

Defendants' arguments that they should not be required to reveal the address and telephone number of Mr. Cusson is simply unavailing.  Accordingly, defendants are ordered to provide this information to the plaintiff.

CONCLUSION

The plaintiff has requested, from the defendants, various information pertaining to investigation records, disciplinary proceedings, and complaints of misconduct.  The defendants have failed to provide the information requested, claiming such information is exempt from discovery or disclosure under various state statutes.  After considering the arguments posed by the parties, this court concludes that it is not bound to prevent such discovery in accord with N.H. Rev. Stat. Ann. §§ 91-A:5, 516:36 and 105:13-b.  Further, upon considering the claims alleged in this action, the court concludes that there is information which has not been disclosed by the defendants but is relevant to the subject matter and/or likely to lead to the discovery of admissible evidence.  Therefore, with respect to the information and documentation sought by the plaintiff, the defendants shall produce information requested by the plaintiff to the extent noted in previous portions of this Order.  The production of information, however, is subject to the following limitations:  (1) all information to be disclosed by the terms of this Order shall be disclosed solely to plaintiff's counsel or parties directly employed by plaintiff's counsel in the

18

preparation of this litigation; (2) no portion of the information disclosed shall be disclosed to the plaintiff; (3) to protect certain privacy or confidentiality interests, no names of complainants or witnesses contained within any records or reports produced, if any, by the defendants shall be removed or redacted, until the court has had an opportunity to conduct an in camera review of unredacted copies; (4) any documents disclosed under this Order shall not be used at trial without the prior permission of the court; (5) at the conclusion of this litigation all discovery materials encompassed by this Order, and any copies thereof, are to be returned to counsel for the defendants, and none of such materials are to be copied or retained in the files of plaintiff's counsel or given to any other counsel who might be involved in similar litigation; and (6) no party shall seek to broaden or restrict the terms and limitations noted above without prior approval of the court.

Plaintiff's Motion to Compel Discovery (document no. 12) is granted in part and denied in part.

**SO ORDERED.**


_____
James R. Muirhead
United States Magistrate Judge

Date:  April 10, 1996

cc:  Scott W. Flood, Esq.
     Donald E. Gardner, Esq.

19