Hillsborough-southern judicial district
No. 97-342

ANTHONY J. PIVERO

v.

CLIFTON LARGY, CHIEF OF NASHUA POLICE DEPARTMENT

December 8, 1998

*Peter C. Phillips*, counsel for International Brotherhood of Police Officers, of Hampton (*Mr. Phillips* on the brief), and *Wilson, Durkin & Bush*, of Nashua (*Eric R. Wilson* orally), for the plaintiff.

*Office of Corporation Counsel*, of Nashua (*James M. McNamee* and *Dorothy Clarke* on the brief, and *Mr. McNamee* orally), for the defendant.

JOHNSON, J. The defendant, Clifton Largy, Chief of the Nashua Police Department, appeals a decision of the Superior Court (*Hampsey*, J.) ordering him to provide the plaintiff, Anthony J. Pivero, a Nashua police officer, with a copy of an internal police investigative file which relates to him. We reverse.

During April 1996, the Nashua Police Department conducted an internal investigation of Pivero as a result of several citizen complaints of police misconduct. After investigation, the department concluded that the complaints were "not sustained" due to the complainants' lack of credibility. After Pivero learned that the investigation was closed, he was allowed to review the investigative file in the presence of a lieutenant. Pivero requested a copy of the investigative file on September 23, 1996. Largy denied the request.

In a letter dated October 16, a deputy chief requested that Pivero meet with him on October 22 "to discuss some concerns we have regarding your professional conduct dealing with the public." The letter stated that "this meeting will not result in discipline" but "any additional issues may result in discipline." On October 30, 1996, the deputy chief wrote a letter to Pivero summarizing the meeting and had a copy of the letter placed in Pivero's personnel file.

In a letter dated November 1, a formal union grievance was filed on Pivero's behalf, claiming that the October 22 meeting "was a disciplinary action because the existence of the documentation of the meeting will be kept on file. This documentation could reflect negatively on Officer Pivero's outstanding record with this department if it were to become public information at any time." The October 30th letter to Pivero was subsequently removed and is no longer part of Pivero's personnel file.

In February 1997, Pivero filed suit, claiming a right to a copy of his personnel file, including the investigative file, under RSA 275:56 (1987). Pivero claimed that the temporary inclusion in his personnel file of the October 30th letter, which implicitly referenced the internal investigation, entitled him to a copy of the investigative file. The trial court agreed and ordered Largy to provide the plaintiff with a copy of the investigative file. This appeal followed.

On appeal, Largy argues that the trial court erred by: (1) ordering the police department to release an internal police investigative file to Pivero, after concluding that the file is not a personnel file within the meaning of New Hampshire Administrative Rules, Lab 802.07; (2) concluding that the police investigative file became part of Pivero's personnel file because of the temporary inclusion of the October 30th letter in the personnel file; and (3) concluding that a

police investigative file is not privileged or confidential, and therefore exempt from disclosure.

"This court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole, and when the issue raised presents a new question of statutory construction, we begin our analysis with an examination of the statutory language." *Cheever v. Southern N.H. Regional Med. Ctr.*, 141 N.H. 589, 590-91, 688 A.2d 565, 566-67 (1997) (quotation and citation omitted).

Pivero claims a right to his personnel file under RSA 275:56, which provides:

I. Except as provided in paragraph III, every employer shall provide a reasonable opportunity for any employee who so requests to inspect such employee's personnel file and further, upon request, provide such employee with a copy of all or part of such file . . . .

II. If, upon inspection of his personnel file, an employee disagrees with any of the information contained in such file, and the employee and employer cannot agree upon removal or correction of such information, then the employee may submit a written statement explaining his version of the information together with evidence supporting such version. Such statement shall be maintained as part of the employee's personnel file and shall be included in any transmittal of the file to a third party and shall be included in any disclosure of the contested information made to a third party.

III. The provisions of this section shall not require the disclosure of:

(a) Information in the personnel file of a requesting employee who is the subject of an investigation at the time of his request if disclosure of such information would prejudice law enforcement; or

(b) Information relating to a government security investigation.

The term "personnel file" as used in RSA 275:56 has been further defined by department of labor regulations.

"Personnel file" means any and all *personnel records* created and maintained by an employer and pertaining to an employee including and not limited to employment applications, internal evaluations, disciplinary documenta-

tions, payroll records, injury reports and performance assessments, whether maintained in one or more locations, unless such records are exempt from disclosure under RSA 275:56, III or are otherwise privileged or confidential by law.

N.H. ADMIN. RULES, Lab 802.07 (emphasis added). Pivero argues that the investigative file became part of his personnel file when the October 30th letter was temporarily placed in it. Although the trial court agreed with Largy that police internal investigative files are categorically exempt from disclosure under RSA 91-A:5 (1990 & Supp. 1997), *see Union Leader Corp. v. Fenniman*, 136 N.H. 624, 627, 620 A.2d 1039, 1041 (1993), the court also noted that "this exemption does not define these documents as privileged or confidential *per se*." The court concluded that RSA 91-A:5, which is part of the Right-to-Know Law, RSA ch. 91-A, "pertains to public access to documents," while Pivero is "asserting his private right to his personnel file pursuant to RSA 275:56." The court found that "[t]he letter referenced the complaints and, by implication, the investigation. The letter was in the file when the plaintiff made his request for a copy of the investigatory file. The letter has since been removed and is no longer part of the file." Even though the letter had been removed, the court ordered Largy to provide Pivero with a copy of the investigative file.

As a preliminary matter, we uphold the trial court's findings of fact unless clearly erroneous or unsupported by the evidence. *See Whitcomb v. Peerless Ins. Co.*, 141 N.H. 149, 151, 679 A.2d 575, 577 (1996). The trial court found that Pivero's personnel file contained the October 30th letter when he made his request. This finding is clearly erroneous because at the time Pivero first requested his personnel files in February, the October 30th letter had been removed. Accordingly, we reverse this finding and must therefore examine whether the trial court reached the right result, but for the wrong reasons. *See Quinlan v. City of Dover*, 136 N.H. 226, 230, 614 A.2d 1057, 1059 (1992).

While "[i]t is clear that RSA 275:56 concerns employee access to information *pertaining to the employee's work history*," *Rix v. Kinderworks Corp.*, 136 N.H. 548, 551-52, 618 A.2d 833, 835 (1992) (emphasis added), the statute grants access only to *personnel* matters. Before RSA 275:56, I, applies, the requested record must be a personnel record. While the definition of "personnel file" in Lab 802.07 is arguably broad, it is nonetheless limited to *personnel records* created by the employer, wherever located, and does not

include the employer's non-personnel records. *See* N.H. ADMIN. RULES, Lab 802.07.

Although Pivero met with a supervisor on October 22, the trial court found that "the plaintiff was not subject to disciplinary action. The meeting and [October 30th] letter merely notified him of citizens' complaints filed against him. Thus, the letter and file are not 'disciplinary documentation' as defined by ... Lab[ ] 802.07." Without further action, internal investigations of a police officer are not directly related to employment and do not constitute personnel records. As the trial court noted, inclusion of "not substantiated" complaints in personnel files would result in an accumulation of meritless claims that did not survive the investigative process.

Until an internal investigation produces information that results in the initiation of disciplinary process, public policy requires that internal investigation files remain confidential, *see* RSA 516:36, II (1997); *Fenniman*, 136 N.H. at 626, 620 A.2d at 1041, and separate from personnel files. *See* RSA 275:56; RSA 516:36, II; N.H. ADMIN. RULES, Lab 802.07. Generally, these policy considerations include instilling confidence in the public to report, without fear of reprisal, incidents of police misconduct to internal affairs. *See Bougas v. Chief of Police of Lexington*, 354 N.E.2d 872, 876-77 (Mass. 1976). Further, disclosure of confidential internal affairs matters could seriously hinder an ongoing investigation or future law enforcement efforts. *Id.* These public policy concerns in protecting the confidentiality of investigative files override an officer's interest in the investigative file, even though the contents had been previously disclosed in a non-disciplinary setting.

■ In other words, until the department initiates the disciplinary process, internal investigations do not affect an officer's work history, and references in a personnel file to a "not substantiated" internal investigation do not entitle the officer to a copy of those investigative files. *See* RSA 275:56. Because Pivero was not subject to disciplinary process, we need not decide the scope of an officer's right to an investigative file when disciplinary process is initiated that could affect the officer's employment or personnel record. *See* RSA 516:36, II.

■ Lastly, we note that under RSA 275:56, II, an employee is entitled to review his personnel file and petition for inclusion or removal of particular material. Although not styled as a protest under RSA 275:56, II, Pivero's formal grievance challenging the department's actions resulted in removal of the October 30th letter from his personnel file. Because the letter was removed, and no

disciplinary process was begun, Pivero had no right under RSA 275:56 to the investigative file.

*Reversed.*

BRODERICK, J., did not sit; the others concurred.