Merrimack
No. 2010-770

PREMIUM RESEARCH SERVICES

v.

NEW HAMPSHIRE DEPARTMENT OF LABOR & a.

Argued: October 13, 2011
Opinion Issued: November 29, 2011

*Douglas, Leonard & Garvey, P.C.*, of Concord (*Benjamin T. King* on the brief and orally), for the petitioner.

*Michael A. Delaney*, attorney general (*Lynmarie C. Cusack*, assistant attorney general, on the memorandum of law and orally), for the respondents.

DALIANIS, C.J. The petitioner, Premium Research Services, appeals the dismissal by the Superior Court (*McNamara*, J.) of its petition under the

Right-to-Know Law, RSA ch. 91-A (2001 & Supp. 2010), for disclosure of documents relating to disbursements from the second injury fund. *See* RSA 281-A:21-b (2010). We affirm.

■ The following facts either appear in the petitioner's petition or are taken from the appellate record. "The second injury fund was created to encourage employers to hire or retain employees with permanent physical or mental impairments of any origin by reducing the employer's liability for workers' compensation claims." *Appeal of Hartford Ins. Co.*, 162 N.H. 91, 93 (2011) (quotation omitted). The fund reimburses employers or their workers' compensation insurance carriers when workers' compensation benefits have been paid to "an employee who has a permanent physical or mental impairment . . . from any cause or origin" who "incurs a subsequent disability" from a work-related injury that results in a greater workers' compensation liability "by reason of the combined effects of the preexisting impairment than . . . would have resulted from the subsequent injury alone." RSA 281-A:54, I (2010).

The petitioner seeks information related to reimbursements from the second injury fund so that it can know whether a carrier has reported the reimbursement to the National Council on Compensation Insurers (NCCI). If the carrier has reported the reimbursement to the NCCI, as NCCI regulations require, then NCCI will take the reimbursement into account when setting the employer's "experience modification" or "experience mod." The carrier will then, in turn, reduce the employer's premium. Conversely, if the carrier does not report its reimbursement from the second injury fund to NCCI, NCCI will not adjust the employer's experience mod, and the carrier will not reduce the employer's insurance premium. The petitioner seeks to monitor this process to ensure that employers are not being overcharged for workers' compensation insurance.

To obtain information about when the second injury fund has reimbursed carriers, the petitioner submitted an information request to respondent New Hampshire Department of Labor (DOL) on November 9, 2009. For each claim from the fund, the petitioner sought: (1) the employer's name; (2) the name of the insurance carrier filing for reimbursement from the fund; (3) the amount of reimbursement; (4) the accident date; (5) the date on which the second injury fund agreed to reimburse the employer/carrier; (6) the claim number; and (7) the employee's name, if possible. Relying upon RSA 281-A:21-b, which exempts from the Right-to-Know Law "[p]roceedings and records of the [DOL] with respect to workers' compensation claims," DOL declined to comply with the request. In response, the

petitioner revised its request so that it no longer requested the employee's name and insurer claim number. DOL again declined to comply with the petitioner's request.

Thereafter, the petitioner filed its petition against DOL and respondent New Hampshire Treasury, seeking disclosure of "all documents relating to disbursements from the Second Injury Fund occurring in 2005, 2006, 2007, 2008 and 2009 . . . with all employee names and insurer claim numbers redacted." At the hearing on the respondents' motion to dismiss the petition, the petitioner agreed to limit its request further to certain information available on two forms kept by DOL, the "WCSIF-2A", which is a schedule of reimbursable payments, and the "9WCA," which is an application for reimbursement of disability payments. At the hearing, the petitioner agreed that employee names, social security numbers, home addresses and average weekly wages could be redacted from these forms. The information the petitioner sought was limited to: the identity of the employer, the identity of the insurance carrier, the date of injury, the amount the second injury fund paid to the carrier, and the date on which the second injury fund agreed to reimburse the carrier. The trial court dismissed the petition, and this appeal followed.

█ Resolving the issues on appeal requires that we interpret the Right-to-Know Law, which is a question of law that we review *de novo*. *ATV Watch v. N.H. Dep't of Transp.*, 161 N.H. 746, 752 (2011). When interpreting a statute, including the Right-to-Know Law, we first look to the plain meaning of the words used and will consider legislative history only if the statutory language is ambiguous. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Lambert v. Belknap County Convention*, 157 N.H. 375, 378 (2008). We also interpret a statute in the context of the overall statutory scheme and not in isolation. *Id.* We resolve questions regarding the Right-to-Know Law with a view to providing the utmost information in order to best effectuate the statutory and constitutional objective of facilitating access to all public documents. *ATV Watch*, 161 N.H. at 752. Therefore, we construe provisions favoring disclosure broadly, while construing exemptions narrowly. *Hampton Police Assoc. v. Town of Hampton*, 162 N.H. 7, 11 (2011).

RSA 281-A:21-b provides:

**Confidentiality of Workers' Compensation Claims.**

Proceedings and records of the department of labor with respect to workers' compensation claims under RSA 281-A shall be exempt from RSA 91-A [, the Right-to-Know Law]. Nothing in this section shall prohibit the department of labor from releasing

information on a person's claim or claims to the person, the person's legal representative, attorney, health care providers, employer, the employer's workers' compensation insurer, the attorneys for the employer or employer's insurer, or state and federal agencies with relevant jurisdiction. Notwithstanding the provisions of this section, information relating to a person's claim or claims may be released to other parties only with the prior written permission of the claimant.

██ ██ Under the plain meaning of RSA 281-A:21-b, the records sought are exempt from disclosure under the Right-to-Know Law. The petitioner contends that, despite the plain meaning of RSA 281-A:21-b, the legislature actually intended that it apply only to DOL injury reports containing personal employee information. "[W]e must honor the expressed intent of the legislature as expressed in the statute itself." *Union Leader Corp. v. Fenniman*, 136 N.H. 624, 627 (1993). As written, the statute applies to *all* DOL records that pertain to workers' compensation claims, not only to DOL injury reports containing personal employee information. As there is no ambiguity in RSA 281-A:21-b with respect to the records to which it pertains, the petitioner's resort to legislative history is to no avail. Although the petitioner argues that our construction leads to an absurd result, on the record before us, we are not persuaded that this is the case.

██ While the petitioner also contends that the trial court's construction of RSA 281-A:21-b violated the State Constitution, as the petitioner concedes, this issue was not raised in the trial court. Thus, we decline to review it. *See State v. Dellorfano*, 128 N.H. 628, 632 (1986).

*Affirmed.*

DUGGAN, HICKS and CONBOY, JJ., concurred.