# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0411, <u>Jason T. Berry v. New Hampshire Department of Corrections & a.</u>, the court on February 28, 2019, issued the following order:**

Having considered the opening and reply briefs filed by the plaintiff, Jason T. Berry, the brief filed by the New Hampshire Department of Corrections (DOC), the memorandum of law filed by the New Hampshire Personnel Appeals Board (PAB), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals orders of the Superior Court (<u>Tucker</u>, J.) dismissing his claims against the PAB, entering judgment for the DOC on his Right-to-Know Law claim, and dismissing the remainder of his claims against the DOC. We affirm.

The plaintiff was a probation/parole officer employed by the DOC until February 2014, when he was dismissed for non-disciplinary reasons. He appealed his dismissal to the PAB, which upheld it. However, he did <u>not</u> appeal the PAB's decision to this court. Instead, in February 2017, the plaintiff filed a civil suit against the DOC and persons associated with the DOC and against the PAB and its employees. In response to motions brought by the DOC and PAB, the trial court dismissed the complaint in its entirety against the PAB and dismissed all of the plaintiff's claims against the DOC except a claim under the Right-to-Know Law. <u>See</u> RSA ch. 91-A (2013 & Supp. 2018). The plaintiff filed a first amended complaint, which alleged the same claims as his original complaint, but failed to correct its deficiencies. The plaintiff filed a second amended complaint, which fared no better than his prior two complaints.

In his second amended complaint, the plaintiff alleged the following claims: (1) deprivation of due process under 42 U.S.C. § 1983 (2012) (Section 1983), the State Constitution, and the Federal Constitution, brought against the DOC and employees of the PAB; (2) violation of the Whistleblower Protection Act, RSA ch. 275-E (2010 & Supp. 2018), brought against the DOC; and (3) wrongful discharge, brought against the DOC. The trial court dismissed the plaintiff's second complaint for the following reasons: (1) the plaintiff's Section 1983 claim fails because Section 1983 exempts state agencies and state officials acting in their official capacity from its purview, <u>see</u> <u>Hughes v. N.H. Div. of Aeronautics</u>, 152 N.H. 30, 42 (2005); <u>see also</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989); (2) the plaintiff's claims

under the State Constitution fail because he has adequate common law and statutory remedies for the constitutional deprivations he alleges, see Khater v. Sullivan, 160 N.H. 372 (2010) (declining to fashion constitutional tort remedy for racial discrimination in land use regulation because appeal to zoning board of adjustment provided adequate remedy, even though such remedy was not as complete as constitutional tort would provide); (3) the plaintiff's claim under the Whistleblower Protection Act fails because he did not identify the "law or rule adopted under the laws of this state, a political subdivision of this state, or the United States" that the DOC allegedly violated, RSA 275-E:2 (Supp. 2018); and (4) the plaintiff's wrongful discharge claim fails because he did not allege facts showing that he engaged in conduct that public policy would encourage, see Leeds v. BAE Sys., 165 N.H. 376, 379-80 (2013).

The only claim from the plaintiff's original complaint to survive dismissal was his Right-to-Know Law claim brought against the DOC. Following a hearing, for which no transcript has been provided as part of the appellate record, the trial court entered judgment for the DOC.

The plaintiff's Right-to-Know Law claim alleged that the DOC improperly declined his requests to obtain a record of an interview that he gave the DOC in connection with its investigation of two DOC officers. The DOC declined the request because the records of his interview were generated in the course of an investigation of claimed employee misconduct and, therefore, pertained to internal personnel practices. See Union Leader Corp. v. Fenniman, 136 N.H. 624, 626 (1993). The trial court upheld that declination. See id.

The plaintiff also requested records that showed whether the DOC had communicated about him with persons outside of the DOC. The DOC replied to his request by stating that it had "no such documentation." According to the trial court, the plaintiff accepted that representation at the hearing, but argued that the DOC was obligated to describe what it had done to determine whether such documents existed. The trial court ruled that the Right-to-Know Law did not obligate the DOC to provide such a description. See RSA 91-A:4, IV (Supp. 2018) ("If a public body or agency is unable to make a governmental record available for immediate inspection and copying, it shall, within 5 business days of request, make such record available, deny the request in writing with reasons, or furnish written acknowledgment of the receipt of the request and a statement of the time reasonably necessary to determine whether the request shall be granted or denied." (emphasis added)).

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned orders, the plaintiff's challenges to

2

them, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
