CITY OF SIOUX CITY, Iowa, Appellee,

v.

GREATER SIOUX CITY PRESS CLUB and Iowa Freedom of Information Council, Appellants.

No. 87–133.

Supreme Court of Iowa.

April 13, 1988.

George F. Davison, Jr. of Hawkins & Norris, Des Moines, for appellant Greater Sioux City Press Club.

K.J. Walker and Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for appellant Iowa Freedom of Information Council.

James L. Abshier, City Atty., and George A. Carroll, Asst. City Atty., Sioux City, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

The Greater Sioux City Press Club and the Iowa Freedom of Information Council, who are defendants in this declaratory judgment action, appeal from the district court's order allowing the plaintiff, City of Sioux City, to withhold from public inspection employment applications received from candidates for the position of city manager. For reasons which we disclose in the following discussion, we affirm the orders and judgment of the district court.

The position of city manager for the City of Sioux City became vacant on October 7, 1986. On October 20, 1986, the city council adopted the following resolution:

RESOLUTION NO. 86/T–005012

RESOLUTION DETERMINING THAT APPLICATIONS FOR CITY MANAGER WILL BE DISCOURAGED IF AVAILABLE FOR GENERAL PUBLIC EXAMINATION.

WHEREAS the City Council is presently accepting applications for the position of City Manager for the City of Sioux City, Iowa; and

WHEREAS the City Council has been advised and does believe that otherwise qualified applicants will not make application for the position of City Manager if their applications are made public because of possible repercussion with their present employer; and

WHEREAS the City Council is advised and does believe that, pursuant to Section 22.7, of the Iowa Code, as amended, the Council may find that otherwise qualified applicants would be discouraged from making applications if their applications were available for general public examination.

NOW THEREFORE, BE, AND IT IS HEREBY RESOLVED by the City Council of the City of Sioux City, Iowa, that it hereby determines that otherwise qualified applicants for the position of City Manager of the City of Sioux City, Iowa, will be discouraged from making application for the position if their application is available for general public examination.

BE IT FURTHER RESOLVED that the applications for City Manager be and the same are hereby ordered to remain confidential pursuant to the authority granted by Section 22.7, the Code of Iowa.

PASSED & APPROVED: October 20, 1986

Subsequent to passing the above resolution, the counsel advertised in various trade journals soliciting applications for the city manager position.

The city received fifty applications for the position. Four applicants eventually withdrew. Of the remaining forty-six applicants, nine consented to public disclosure, and thirty-seven indicated they did not desire public disclosure of their applica-

tions. When a reporter for the Sioux City Journal was denied permission to see the applications of those candidates who expressed a desire for confidentiality, that paper expressed dissatisfaction to the city council.

To resolve the dispute, the council agreed to bring the present declaratory judgment action and abide its result. Initially, the action was brought against the Sioux City Journal but subsequently the Greater Sioux City Press Club was substituted as the party defendant. The Iowa Freedom of Information Council subsequently intervened on the side of the defendant.

On January 12, 1987, the district court entered a declaratory judgment that the resolution of the city council mandating confidentiality of the employment applications was not in violation of the public disclosure provisions of Iowa Code chapter 22 (1985). In so ruling, the district court relied on a legislative exception to public disclosure which is now codified as Iowa Code section 22.7(18) (1985). The sole issue on this appeal is whether the employment applications sought to be inspected by the defendant and intervenor are communications of the type described in that statutory exception from the disclosure provisions of chapter 22.

In *Howard v. Des Moines Register & Tribune Co.*, 283 N.W.2d 289, 299 (Iowa 1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980), we observed that the public disclosure provisions of what was then Iowa Code chapter 68A (now codified as Iowa Code chapter 22) established a means of access to public information from which departures are to be made only under discreet circumstances. Notwithstanding the spirit of disclosure evidenced by this legislation, the legislature has denoted numerous areas where confidentiality is to be maintained. In controversies such as the present one, it is not the responsibility of this court to balance the competing policy interests. The balancing of those interests is the province of the legislature, and we act only to devine the legislature's intent with regard to those important policy issues.

In *City of Dubuque v. Telegraph Herald, Inc.*, 297 N.W.2d 523, 527–28 (Iowa 1980), we faced a similar controversy concerning whether a municipal corporation was required to disclose the applications of candidates for a city manager position. Our interpretation of the legislation in force at that time produced the conclusion that such applications were public records subject to the general disclosure provisions of the act. The decision in the *Telegraph Herald* case no longer provides a useful guidepost for resolving the present controversy. Plaintiff in the present action relies on a statutory exception to the disclosure provisions of chapter 22 which was enacted subsequent to our decision in the *Telegraph Herald* case.

The appellant news organizations urge that the issue must be resolved favorably to them by virtue of the so-called "narrow" construction rule approved in the *Telegraph Herald* decision and in *Howard.* We disagree with that contention for two reasons. First, the entire thrust of Iowa Code section 22.7 is to describe information which is *not* required to be disclosed. Consequently, overutilization of the "narrow" construction principle could easily thwart rather than promote the legislative intent underlying that section. Second, and of more significance, the legislative exception upon which plaintiff relies in the present controversy is broadly inclusive in its provisions. Where the legislature has chosen to use broadly inclusive language to describe those areas where an established policy does not apply, mechanical application of a "narrow" construction rule does not aid in the ascertainment of the legislature's intent. If the legislature had intended a narrowly drawn exception, it would, we believe, have narrowly described the categories of information which were excluded from public disclosure.

The language of the statutory exception under which the district court determined that disclosure was not required is as follows:

The following public records *shall be kept confidential,* unless otherwise ordered by a court ... :

. . . .

18. Communications not required by law, rule, or procedure that are made to a government body or to any of its employees by identified persons outside of government, to the extent that the government body receiving those communications from such persons outside of government could reasonably believe that those persons would be discouraged from making them to that government body if they were available for general public examination.

Iowa Code § 22.7(18) (1985) (emphasis added). There are three exceptions to the area of confidentiality described in this statute. These relate to (a) consent of the communicating party, (b) information which may be disclosed without identifying its source, and (c) information surrounding the occurrence of a crime. The parties agree that none of these exceptions to the category of confidential information apply to the employment applications which are at issue in the present case.

Appellants urge that, prior to the enactment of section 22.7(18), the subject of employment applications was clearly recognized as a recurring area of controversy under the public disclosure provisions of chapter 22. From this premise, they argue that, had the legislature intended to confer confidentiality upon employment applications, that category of communication would have been specifically identified in the legislation. They seek to buttress this argument by showing that a bill had been introduced which specifically designated employment applications as confidential records. That bill went nowhere in the legislative session in which the present legislation was enacted.

We conclude that the legislative fate of the other bill is not a convincing demonstration of the legislature's intent on this issue. The city urges that the bill which was enacted includes the same subject matter as the bill which was not and also includes other types of communications to which the legislature intended to afford the same treatment. If that assertion is cor-

rect, it supplies its own explanation of why the other bill was not carried further.

■■■■ A court construing a statute to ascertain legislative intent must take account of the object sought to be accomplished or the problem sought to be remedied and arrive at a construction that will effect that purpose. *In re Girdler*, 357 N.W.2d 595, 597 (Iowa 1984); *In re G.R.*, 348 N.W.2d 627, 631 (Iowa 1984); *Lau v. City of Oelwein*, 336 N.W.2d 202, 203 (Iowa 1983). We conclude that the purpose of the foregoing legislation is reasonably clear. It is the legislative goal to permit public agencies to keep confidential a broad category of useful incoming communications which might not be forthcoming if subject to public disclosure. We believe that employment applications fall within this area of legislative concern. An important consideration in the legislative history of section 22.7(18) is the fact that as originally introduced it did not apply to solicited communications. Prior to its enactment, it was amended so as to include solicited communications. In viewing the potential category of solicited communications which might be received by public agencies and for which they may wish to maintain confidentiality, employment applications come immediately to mind.

■■■ Appellants suggest that section 22.-7(18) should not be applied to defeat disclosure of these employment applications because the statute only applies to communications which are "not required by law, rule, or procedure." They urge that under procedures adopted by the city council any applicant interested in the city manager position was required to submit an application. We disagree that the circumstances outlined here serve to establish that these communications were "required by law, rule, or procedure" within the meaning of the act. The candidates were not required to submit these applications because they were not required to apply for the job. Appellants also urge that the employment applications were required by law under regulations of the federal Equal Employment Opportunity Commission (EEOC). Our attention has not been directed to any regulation

of that agency which required these employment applications to be submitted to the city. Moreover, information required under EEOC regulations is entitled to confidentiality under federal law. 42 U.S.C. § 2000e–8(e).

We conclude that the district court's interpretation of section 22.7(18) was correct. The employment applications which are involved in the present litigation and for which the applicants themselves did not authorize disclosure may be maintained with confidentiality by their public custodians.

AFFIRMED.