**In re DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT PUBLIC RECORDS, Appellee,**

v.

**DES MOINES REGISTER & TRIBUNE COMPANY, Appellant.**

No. 91–403.

Supreme Court of Iowa.

June 17, 1992.

Kasey W. Kincaid and Michael A. Giudicessi of Faegre & Benson, Des Moines, for appellant.

Robert G. Allbee and Elizabeth Gregg Kennedy of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

A public controversy arose concerning a school administrator. Litigation ensued and was settled. This appeal concerns the accessibility of school records relating to the administrator and the litigation. The trial court, interpreting Iowa's open records statutes, determined that a number of the records were confidential and exempt from disclosure.

The facts are stipulated. Dr. Bobbretta Williams, a nineteen-year employee of the district, was assigned as principal of Wright Elementary School in Des Moines. In November 1989 a document signed by approximately seventy parents and teachers was given to the district's director of elementary education, raising concerns about the operation of the school. The document included allegations that Williams showed disrespect to teachers, did not follow through on certain promises,

and failed to attend parent-teacher association meetings.

Williams rebutted the accusations at a public meeting. Williams told those present that she was the victim of racist and sexist slurs and that most of the allegations were related to needed changes she had made in the school. For the next few months Williams, a group of parents, and some of the teachers of the school met periodically in an attempt to resolve dissension. This group was called the Wright Middleground Action Committee (MAC).

The following February Williams filed a series of civil rights complaints with the district against various district employees and a number of others in the Wright school community. At about the same time the district superintendent appointed two investigatory committees, one to investigate the allegations made by Williams, the other to investigate the allegations against her. Each committee was provided with a directive, delineating the procedure it was to follow in its investigation.

Williams filed a complaint against the district with the Iowa civil rights commission on February 16, 1990. On June 20, 1990, Williams and the district announced they had reached an agreement. The district issued the following press release:

FOR IMMEDIATE RELEASE

June 20, 1990

Des Moines Public School's officials announced a settlement today involving a current staff member.

The district has reached agreement with Bobbretta Williams in which she has agreed to dismiss her discrimination complaints against the district, district employees, and district parents, and has resigned. She will receive a financial settlement totaling $49,500.

The district then suspended both investigations.

In a letter dated July 20, 1990, a reporter for the Des Moines Register requested:

[A]ll documents related to the investigation into discrimination charges against Wright School parents and staff by former principal Bobbretta Williams.... [And] all documents related to the administrative investigation into the charges made by parents and staff against Dr. Williams.

The district then filed this action, a petition for declaratory judgment, seeking to determine whether the requested documents were confidential under Iowa Code sections 22.7(11) and 22.7(18) (1989). The Register intervened, answered, and counterclaimed, seeking to compel the district to produce the requested records and recovery of costs, including statutory attorney fees.

The Register filed a motion to compel the school district to prepare: (1) an itemized list of each document, or a reasonably segregable portion of each document, which the district claimed was exempt from disclosure or which the district claimed was confidential; and (2) a detailed statement, cross-referenced to each record, justifying the relevant exemption or confidentiality claims. In the motion the Register indicated it was requesting an indexing procedure in accordance with the requirements outlined in *Vaughn v. Rosen,* 484 F.2d 820, 826–28 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

After numbering each of the 1265 pages of documents, the district prepared a detailed document index. The index contained four columns. In the first column the district indicated the page number or numbers assigned to that document. If the document was dated the date was included in the second column of the index. A description of the document was included in column three. In column four the district either indicated the document was already produced or indicated the Iowa Code sections upon which it relied for its claim that disclosure was improper.

The case then proceeded to trial at which the parties stipulated to the facts we have outlined. A number of exhibits were submitted by the stipulation. The district also provided the disputed documents for the court to review *in camera.*

The trial court ruled that the vast majority of the documents were confidential under Iowa Code sections 22.7(11)[1] (personal information in confidential personnel records), 22.7(18)[2] (communications made by persons outside the government), and 22.7(1) (student records). The court dismissed the Register's claim for attorney fees. In response to the Register's posttrial motion to enlarge, the trial court held that the settlement agreement was confidential and that the district was not required to produce redacted copies of the documents it held to be confidential.

The Register's appeal presents questions of pure statutory construction. It was a legislative decision to open Iowa's public records, and legislative decisions created and fixed the limitations on disclosure. Our job is confined to seeking out legislative intent. *See City of Sioux City v. Greater Sioux City Press Club*, 421 N.W.2d 895, 897 (Iowa 1988) ("not the responsibility of this court to balance competing policy interests ... balancing of those interests is the province of the legislature, and we act only to divine the legislative intent....").

In *City of Dubuque v. Telegraph Herald, Inc.*, 297 N.W.2d 523, 526–27 (Iowa 1980), we said the legislature intended for the disclosure requirement to be interpreted broadly, and for the confidentiality exception to be interpreted narrowly. In *Press Club*, 421 N.W.2d at 897, we explained that the so-called "narrow" construction of statutory exceptions from disclosure, outlined in *Telegraph Herald*, should not be overutilized. To do so, we

said, would thwart the legislative purpose in providing the exceptions.

■ I. The Register's first assignment of error challenges the district court's conclusion that the agreement between Williams and the district was confidential under Iowa Code section 22.7(11). Courts have generally held that settlement agreements with public bodies are subject to disclosure. *Anchorage Sch. Dist. v. Anchorage Daily News*, 779 P.2d 1191, 1193 (Alaska 1989) (terms of settlement with public agency may not be kept confidential); *Denver Publishing Co. v. University of Colorado*, 812 P.2d 682, 684–85 (Colo. App.1990) (disclosure of settlement agreement proper even though contained in personnel file); *Guy Gannet Publishing Co. v. University of Maine*, 555 A.2d 470, 472 (Me.1989) (settlement agreement was not protected from disclosure); *Librach v. Cooper*, 778 S.W.2d 351, 356 (Mo.App.1989) (settlement agreement was subject to disclosure).

These authorities acknowledge the possibility that disclosure might chill future attempts to resolve internal disputes, but hold this risk must yield to the public's right to know. We cannot believe our legislature intended a different rule. The written settlement agreement, like most items in dispute, possesses some ingredients of both a purely public nature and also of a personal matter the legislature has designated as confidential. But the outstanding characteristic of the settlement agreement was the fact that public funds were being paid to settle a private dispute. We think the document was of the type the legislature designated for disclosure.[3]

---

**1.** Iowa Code § 22.7(11) provides:

The following public records shall be kept confidential, unless otherwise ordered by a court, by the lawful custodian of the records, or by another person duly authorized to release such information:

\* \* \* \* \* \*

11. Personal information in confidential personnel records of public bodies including but not limited to cities, boards of supervisors and school districts.

**2.** Iowa Code § 22.7(18) renders confidential:

Communications not required by law, rule, or procedure that are made to a government

body or to any of its employees by identified persons outside of government, to the extent that the government body receiving those communications from such persons outside of government could reasonably believe that those persons would be discouraged from making them to that government body if they were available for a general public examination.

**3.** A new statute, Iowa Code § 22.13 (1991 Supp.), has been adopted since this litigation began. 1991 Iowa Acts ch. 96, § 1. This provision requires that, whenever there has been a settlement of a claim against a governmental body (or its employee) by its insurer, a written

The trial court erred in failing to order disclosure of the settlement agreement.

■ II. Each of the two investigating committees collected many pages of documents, the bulk of them focusing on job performance of district employees. The trial court held [4] these were confidential under Iowa Code section 22.7(11). We agree with the district court that the statute renders these essentially in-house, job performance documents exempt from disclosure. These documents fell within the category of personal information in personnel records. It does not detract from this qualification that the documents were deposited in investigation files. The nature of the record is not controlled by its place in a filing system.

We are not unsympathetic to the Register's public policy arguments favoring disclosure. The allegations made both by and against Williams led to her resignation and her financial settlement with the district. These are matters of public interest. The Register understandably seeks to inform the public about all details surrounding this payment of public funds.

These arguments should however be addressed to the legislature which created the statutory exemption to disclosure. *See* Iowa R.App.P. 14(f)(13) (legislative intent determined "by what the legislature said, rather than what it should or might have said"). The trial court did not err in refusing to order disclosure.

■ III. A separate question arose regarding documents of the Wright Middleground Action Committee (MAC), the committee formed after complaints against Williams were made. The purpose of the group appears to have been only to open a line of communication among the Wright parents, teachers and administration. The district court determined that the documents generated by this group were similar to the original complaint filed against Williams. Because they related to Williams' job performance, the district court concluded they were confidential under Iowa Code section 22.7(11).

These documents are similar to those generated by the committee formed to investigate the complaints against Williams. For the reasons we have already explained, we think the trial court did not err in declining to order these documents disclosed.

■ IV. Five documents were declared confidential on the sole [5] basis of Iowa Code section 22.7(18), the provision previously quoted which renders confidential certain communications from persons outside government. We explained the purpose of this exclusion in *Press Club*, 421 N.W.2d at 898:

> It is the legislative goal to permit public agencies to keep confidential a broad category of useful incoming communications which might not be forthcoming if subject to public disclosure.

A public agency often conducts investigations by interviewing people who are not a part of the agency. In order to do so effectively the agency must be able to provide for confidentiality. The trial court correctly determined that the documents derived from people outside the district are confidential under Iowa Code section 22.-7(18).

The Register also argues that, even if these documents are confidential under Iowa Code section 22.7(18), the trial court erred by not requiring the district to pro-

summary of the settlement terms must be filed with the governmental body and made public. Pursuant to Iowa Code § 4.5, this legislation is prospective and hence we need not and do not consider the statute's scope or meaning.

4. The district court had no difficulty in determining that documents gathered by the committee investigating complaints against Dr. Williams directly focused on her job performance and were therefore exempt from disclo-

sure. With respect to documents gathered by the committee investigating the claim of discrimination, the court distinguished between discriminatory comments by district employees (exempt from disclosure) and discriminatory comments by others (not exempt unless they contain personal personnel comments about Williams).

5. Other documents qualified as exempt under both § 22.7(11) and § 22.7(18).

vide redacted copies of the documents under Iowa Code section 22.7(18)(b).[6]

The court addressed this issue and held that redaction was appropriate with respect to five documents[7] where confidentiality was ordered on the basis of Iowa Code section 22.7(18) alone. According to the ruling, redaction was to be as outlined in an attached appendix. Looking through the appendix to the trial court opinion, however, the basis for the qualified disclosure shifts. Rather than directing redaction, the court conditioned disclosure on obtaining consent of the persons providing the information. This was error.

On remand the court should direct the district to produce redacted copies of any documents produced from an outside source as to which redaction will render its source unknown.

■ V. Iowa Code section 22.10(3)(c) provides that a district court shall order the payment of reasonable attorney fees to a plaintiff establishing a violation of chapter 22. The trial court determined that, because the district initiated the action, it could not be held responsible for attorney fees under this section. The Register challenges this holding.

When a custodian of public documents brings a declaratory action in good faith to determine whether documents are subject to disclosure, it should not face the sanction of having to pay attorney fees. Responsibility for attorney fees under the section might arise in favor of a counterclaimant in a proper case. The question does not turn on which party is the first to reach the courthouse.

The trial court's rejection of attorney fees was based on its view that the fees are appropriate only for a party initiating suit, and the trial court thus made no finding regarding the district's good faith. The omission is not fatal, however, because it is clear that this record supports no finding other than that the district acted in good faith. The trial court did not err in declining the request for attorney fees.

The case must be remanded for entry of a judgment in conformity with this opinion. Costs are taxed seventy-five percent to the Register and twenty-five percent to the district.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

6. Iowa Code § 22.7(18)(b) provides:
   Information contained in the communication is a public record to the extent that it can be disclosed without directly or indirectly indicating the identity of the person outside of government making it or enabling others to ascertain the identity of that person.

7. The five documents derive from statements made by patrons of the district. There are actually more than five papers; they include the written statements of five parents and the committee's tentative drafts of summaries and findings regarding some of them.