*232 WIGGINS, Justice.
A party requested information pursuant to Iowa Code chapter 22 (2009), Iowa’s Open Records Act (Act), concerning the discipline of two school district employees after the school district disciplined them for performing a strip search of five students. The district court entered summary judgment in favor of the school district. The requestor appealed. On appeal, we hold that the disciplinary information sought is exempt from disclosure under Iowa Code section 22.7(11). Accordingly, we affirm the judgment of the district court.
I.Background Facts and Proceedings.
The facts are not in dispute. In August 2009, two employees of the Atlantic Community School District conducted a strip search of five female students in an attempt to locate $100 reported missing by another student. The incident received substantial media coverage. Initially, the school district superintendent announced the employees had conducted the search in accordance with school board policies. However, the superintendent later announced the school district would discipline the employees. In doing so, the superintendent did not disclose the names of the employees or describe the discipline.
The American Civil Liberties Union of Iowa Foundation (ACLU of Iowa) submitted an open records request to the school district’s records custodian seeking the identities of the employees as well as the disclosure of the “specific consequences they received including duration or amounts of any penalties or consequences.” The school district provided the names of the two employees, but did not describe the discipline imposed because it believed such information was exempt from disclosure under section 22.7(11).
The ACLU of Iowa filed a petition in the district court seeking an injunction ordering the school district to comply with its records request. The parties filed cross motions for summary judgment. The district court granted summary judgment in favor of the school district and dismissed the petition. It found the reports were exempt from disclosure under the Act as a matter of law. The court of appeals affirmed the decision of the district court. We granted further review.
II. Standard of Review.
Generally, actions brought under the Act are in equity and reviewed de novo. Gannon v. Bd. of Regents, 692 N.W.2d 31, 37 (Iowa 2005). However, when a ruling under the Act involves summary judgment, our review is for correction of errors at law. Id.; see also Iowa R.App. P. 6.907.
III. Analytical Framework.
The general assembly made the decision to open Iowa’s public records. See Des Moines Indep. Cmty. Sch. Dist. Pub. Records v. Des Moines Register & Tribune Co., 487 N.W.2d 666, 669 (Iowa 1992); see also Iowa Code § 22.2. In deciding which records are public, the general assembly created and fixed the limitations on disclosure. See Des Moines Indep. Cmty. Sch. Dist. Pub. Records, 487 N.W.2d at 669. Thus, our job is to construe the Act to determine whether the requested information is subject to disclosure.
The Act allows public examination of government records to ensure the government’s activities are more transparent to the public it represents. Clymer v. City of Cedar Rapids, 601 N.W.2d 42, 45 (Iowa 1999). In construing the Act, we have said its purpose is “to remedy unnecessary secrecy in conducting the public’s business.” City of Dubuque v. Tel. Herald, Inc., 297 N.W.2d 523, 527 (Iowa 1980), *233 superseded by statute on other grounds, Iowa Code § 22.7(18) (1985), as recognized in City of Sioux City v. Greater Sioux City Press Club, 421 N.W.2d 895, 897 (Iowa 1988). To that end, the Act’s goal of disclosure seeks “[t]o facilitate public scrutiny of the conduct of public officers.” Howard v. Des Moines Register & Tribune Co., 288 N.W.2d 289, 299 (Iowa 1979); accord Iowa Civil Rights Comm’n v. City of Des Moines, 313 N.W.2d 491, 495 (Iowa 1981) (“The purpose of [the Act] is to open the doors of government to public scrutiny — to prevent government from secreting its decision-making activities from the public, on whose behalf it is its duty to act.”).
The Act essentially gives all persons the right to examine public records. Iowa Code § 22.2 (2009). However, it then lists specific categories of records that must be kept confidential by those responsible for keeping records. Id. § 22.7. Accordingly, these records are exempt from disclosure. Id. The general assembly has amended this list numerous times over the years. Over sixty categories of records aré currently exempt from disclosure. See id. § 22.7. We have previously determined the general assembly intended that we broadly interpret the disclosure requirement, but narrowly interpret the confidentiality exceptions. DeLaMater v. Marion Civil Serv. Comm’n, 554 N.W.2d 875, 878 (Iowa 1996). We have also stated, however, that “where the legislature has used broadly inclusive language in the exception, we do not mechanically apply the narrow-construction rule.” Id.
The categorical exemption at issue in this appeal exempts from disclosure “[p]er-sonal information in confidential personnel records of public bodies including but not limited to cities, boards of supervisors and school districts.” Iowa. Code § 22.7(li).
We have considered the meaning of the “[personal information in confidential personnel records” exemption in past cases challenging the denial of requests for disclosure by records custodians. See Clymer, 601 N.W.2d at 47-48; DeLaMater, 554 N.W.2d at 878-81; Des Moines Indep. Cmty. Sch. Dist. Pub. Records, 487 N.W.2d at 669-70. In these cases, we have developed the analytical framework to determine whether this exemption applies.
In Des Moines Independent Community School District, we determined performance evaluations contained in an employee’s confidential personnel file were exempt from disclosure under section 22.7(11) based on the plain language of the statute. 487 N.W.2d at 670.[1] Because we determined the plain language of the statute exempted performance evaluations, we declined to apply a balancing test. Id. In reaching this conclusion, we acknowledged the plaintiffs policy arguments in favor of disclosure:
We are not unsympathetic to the Register’s public policy arguments favoring disclosure. The allegations made both by and against [an elementary school principal] led to her resignation and her financial settlement with the district. These are matters of public interest. *234 The Register understandably seeks to inform the public about all details surrounding this payment of public funds.
Id. However, we directed the Register to make these arguments to the general assembly because the general assembly created the exemption. Id. Thus, when we find that a requested piece of information fits into a category of an exemption, we will not apply a balancing test. Id.
We have reiterated this rule in response to arguments that we must nonetheless determine whether the public’s “right to know” outweighs the government entity’s interest in privacy even where we find section 22.7 exempts information from disclosure. See Gabrilson v. Flynn, 554 N.W.2d 267, 278 (Iowa 1996) (“ ‘[I]t is not our responsibility to balance competing policy interests. This balancing is a legislative function and our role is simply to determine the legislature’s intent about those policy issues.’ ” (quoting Ne. Council on Substance Abuse, Inc. v. Iowa Dep’t of Pub. Health, 513 N.W.2d 757, 761 (Iowa 1994))). In GabHlson, we also addressed an argument that section 22.7 did not protect certain information because it was available for inspection by the public at the Library of Congress, the plaintiff had previously received a copy of it, and it had previously been made publicly available. Id. at 271. We summarily dismissed this argument finding no authority for the proposition that the Act removes a record from the exemption merely because it exists in the public domain, regardless of how it got there. Id. at 272.
We also analyzed section 22.7(11) in De-LaMater. There, we had to determine whether section 22.7(11) exempted the disclosure of the grading scale of a promotional exam given by the Marion Civil Service Commission and the raw scores of each examinee on each component of the promotional examination. DeLaMater, 554 N.W.2d at 877. We cited an American Law Reports annotation for the following test:
[T]he courts will usually first examine the specific statutory provision involved to see if the statute delineates exactly what types of records or other information are considered private and thus subject to the public disclosure exemption. If, however, the particular record, report, or other information sought to be disclosed is not specifically listed in the personal privacy provision as a personal matter, or if the provision does not define those matters, the disclosure of which would constitute an invasion of personal privacy, the courts most often will apply general privacy principles, which examination involves a balancing of conflicting interests — the interest of the individual in privacy on the one hand against the interest of the public’s need to know on the other.
Id. at 879 (citations and internal quotation marks omitted).
In applying this test, we first tried to determine whether the requested information fit into the category of information exempt from disclosure under section 22.7(11). Id. Our review of the Iowa cases provided limited assistance. Id. We then looked to interpretations by other courts and reached the same conclusion. Id. at 879-80. Having determined that the materials sought were not the type of information our Act categorizes as private, we performed the balancing test.[2] Id. at 880-81.
Finally, we most recently considered section 22.7(11) in Clymer. There, we re *235 stated that when “a statutory exemption does not articulate precisely what records or information the legislature considers private, courts commonly apply [a balancing test] as a means of weighing individual privacy interests against the public’s need to know.” Clymer, 601 N.W.2d at 45. As in DeLaMater, we surveyed Iowa cases and cases from other jurisdictions to determine whether the records sought could be categorized as information considered private under the Act. Id. at 45-47. After determining the Act did not categorize the records under an exemption, we applied the balancing test. Id. at 47-48.
In summary, to determine if requested information is exempt under section 22.7(11), we must first determine whether the information fits into the category of “[p]ersonal information in confidential personnel records.” We do this by looking at the language of the statute, our prior case-law, and easelaw from other states. If we conclude the information fits into this category, then our inquiry ends. If it does not, we will then apply the balancing test under our present analytical framework.[3]
IV. Application of Analytical Framework.
The ACLU of Iowa requested records or information describing the discipline imposed on two employees. Thus, we must first determine if the Act categorizes this information as “[pjersonal information in confidential personnel records.” Iowa Code § 22.7(11). Our prior easelaw is very helpful in making this determination. We concluded that performance evaluations contained in an employee’s confidential personnel file were exempt from disclosure under the Act in Des Moines Independent Community School District without performing a balancing test. See Des Moines Indep. Crnty. Sch. Dist., 487 N.W.2d at 669. There, we characterized the performance evaluations as “in-house, job performance documents exempt from disclosure.” Id. at 670. Disciplinary records and information regarding discipline are nothing more than in-house job performance records or information.
Our conclusion is consistent with those of other courts that have considered whether disciplinary action is exempt from disclosure under their jurisdictions’ open records acts. See, e.g., Copley Press, Inc. v. Bd. of Educ. for Peoria Sch. Dist. No. 150, 359 Ill.App.3d 321, 296 Ill.Dec. 1, 834 N.E.2d 558, 561 (2005) (“Given its plain and ordinary meaning, a ‘personnel file’ can reasonably be expected to include documents such as ... disciplinary records.”); *236 Wakefield Teachers Ass’n v. Sch. Comm. of Wakefield, 431 Mass. 792, 731 N.E.2d 63, 67 (2000) (“It would distort the plain statutory language to conclude that disciplinary reports are anything but ‘personnel [file] or information.’ ”); Oregonian Publ’g Co. v. Portland Sch. Dist. No. 1J, 329 Or. 393, 987 P.2d 480, 484 (1999) (stating that “ ‘personnel files’ would usually include information about ... disciplinary matters or other information useful in making employment decisions regarding an employee”); see also Pivero v. Largy, 143 N.H. 187, 722 A.2d 461, 462 (1998) (noting “personnel file” in department of labor regulations “means any and all personnel records created and maintained by an employer and pertaining to an employee including and not limited to ... disciplinary documentations” (citations and internal quotation marks omitted)); Swinton v. Safir, 93 N.Y.2d 758, 697 N.Y.S.2d 869, 720 N.E.2d 89, 91 (1999) (noting that a record of disciplinary charges and their resolution was part of a personnel file).
Moreover, to suggest that a balancing test should be applied in this case undermines the categorical determination of the legislature and rewrites the statute. It also creates a logical problem. Can it be that discipline in employee A’s personnel file may be treated differently than the exact same discipline in employee B’s file, based on the degree of public interest? Can it be that identical discipline for the son or daughter of a public official, which might create something of media frenzy if released, is entitled to less protection under the statute than a child with a less public family background?
Under our prior caselaw and that of other jurisdictions, we can easily conclude that the plain language of the statute supports the exemption in this case. Accordingly, it is unnecessary to apply a balancing test. Therefore, we agree with the district court that section 22.7(11) exempts the information requested by the ACLU of Iowa from disclosure under the Open Records Act.
V. Disposition.
We affirm the judgment of the district court because we agree with the district court that the disciplinary records requested are exempt from disclosure under section 22.7(11).
AFFIRMED.
All justices concur except CADY, C.J., WATERMAN, and MANSFIELD, JJ., who dissent.

. We discussed Des Moines Independent Community School District Public Records v. Des Moines Register & Tribune Co., 487 N.W.2d 666 (Iowa 1992), in DeLaMater. See DeLaMater v. Marion Civil Serv. Comm’n, 554 N.W.2d 875, 879 (Iowa 1996). We stated, "Without explicitly employing a balancing test [in Des Moines Independent Community School District], we concluded the documents in question 'fell within the category of personal information in personnel records.’ " Id. (quoting Des Moines Indep. Cmty. Sch. Dist., 487 N.W.2d at 670). Our reading of Des Moines Independent Community School District indicates the court did not apply a balancing test and based its decision on the plain meaning of the statute. As discussed in this opinion, if the plain language of the exemption includes the category of information sought, we do not apply a balancing test.

. The annotation we cited in DeLaMater based its test on the fact that "[a] majority of state freedom of information laws include some form of privacy exemption, and, with few exceptions, the exemptions closely track the Federal Freedom of Information Act's sixth exemption.” Andrea G. Nadel, Annotation, What Constitutes Personal Matters Ex *235 empt from Disclosure by Invasion of Privacy Exemption Under State Freedom of Information Act, 26 A.L.R.4A 666, 670 (1983). The Iowa Open Records Act’s privacy exemption does not track the Federal Freedom of Information Act (FOIA). FOIA’s provision relating to personnel records exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (2006) (emphasis added). The exemption for personnel, medical, and similar files is qualified, and a court must determine whether disclosure of a document would constitute a "clearly unwarranted” invasion of privacy. See id. This language requires a balancing test. The Iowa Open Records Act does not have the qualifying language of FOIA. Therefore, we question whether Iowa even has a balancing test. However, because we decide this case without applying a balancing test, we will leave that question for another day.

. This approach is consistent with our approach under the Iowa Public Employment Relations Act (PERA) to determine whether a proposed bargaining topic is a mandatory subject of collective bargaining. See Waterloo Educ. Ass’n v. Iowa Pub. Emp’t Relations Bd., 740 N.W.2d 418, 429 (Iowa 2007) (limiting the use of a balancing test to those situations in which a proposed bargaining topic cannot be categorized according to a specific term listed in section 20.9 of PERA).