# IN THE SUPREME COURT OF IOWA

No. 21–1651

Submitted November 17, 2022—Filed December 16,2022

**MICHELLE VACCARO,**
Appellee,

vs.

**POLK COUNTY, IOWA,** and **POLK COUNTY SHERIFF KEVIN SCHNEIDER,**
Appellants.

---

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

The defendants seek reversal of discovery ruling compelling disclosure of allegedly confidential records in an enforcement action brought under Iowa Code chapter 22. **REVERSED AND REMANDED WITH INSTRUCTIONS.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

John P. Sarcone, County Attorney, and Julie J. Bussanmas and Meghan L. Gavin, Assistant County Attorneys, for appellants.

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for appellee.

**WATERMAN, Justice.**

In this interlocutory appeal, we revisit the interplay between our civil discovery rules and Iowa Code section 22.7(5) (2019), a confidentiality provision for police investigations in the Open Records Act. The plaintiff's daughter was a passenger killed in a motorcycle crash. The plaintiff settled her tort action against the driver without subpoenaing the county sheriff's investigative reports. She later questioned the adequacy of the criminal investigation against the driver, and requested all the department's records. The sheriff produced some information but argued other records were confidential. The plaintiff brought this enforcement action under chapter 22 to obtain its complete investigation file. The district court, without ruling on their confidentiality, ordered the records produced to her in discovery before trial, citing *Mitchell v. City of Cedar Rapids*, 926 N.W.2d 222, 228–29 (Iowa 2019) (holding discovery rules in tort action supersede section 22.7(5)). We granted the sheriff's application for interlocutory appeal and retained the case.

On our review, we hold the district court erred by relying on civil discovery rules to compel production of the very records at issue in this chapter 22 enforcement action. *Mitchell* was a tort action against the municipality and is inapplicable to this chapter 22 enforcement action against the records custodian. We reverse the discovery order and remand the case for the district court to first determine whether the investigation records at issue are confidential before granting relief, if any, under chapter 22.

**I. Background Facts and Proceedings.**

Michelle Vaccaro's seventeen-year-old daughter Jordan Leon was fatally injured in the early hours of October 6, 2019. Jordan was the passenger on a motorcycle operated by another seventeen-year-old, Kaden Close, who lost control on NW 6th Drive in rural Polk County near Ankeny. Close suffered minor injuries; Leon died at the scene. The Polk County Sheriff's department responded to the 911 call and investigated the accident, which led to criminal charges against Close.

Vaccaro had questions about her daughter's death, and in the ensuing months received what she alleges were "incomplete and inconsistent explanations" from the Polk County prosecutor and the Sheriff's department. Vaccaro became concerned that the crash investigation was not handled properly. Specifically, she wanted to know why the department did not investigate whether the driver was impaired by drugs, why the motorcycle was destroyed before the criminal case ended, why key facts about his driving record were initially overlooked, and whether the investigation was handled according to department policy. On January 17, 2020, she made a public records request under Iowa Code chapter 22 for records concerning her daughter's fatal crash. Within a week, the department provided her with the motor vehicle accident report, a preliminary criminal complaint, and an event chronology. Vaccaro continued to seek all of the Sheriff's investigative materials. On February 4, the department responded that the remaining records were exempt from public access as peace officer investigative reports under Iowa Code section 22.7(5).

On February 15, Close pleaded guilty to failure to maintain control of his motorcycle in violation of Iowa Code section 321.288(1), a simple misdemeanor. Vaccaro was notified that the criminal investigation and prosecution was complete and that no other charges would be filed. Meanwhile, Vaccaro had retained a personal injury lawyer to pursue civil claims against Close. On April 4, the Sheriff's department provided Vaccaro's lawyer with audio of the 911 call and the department's general policies regarding accident investigations. The department also provided a log of investigation materials withheld as confidential under section 22.7(5), including photos, diagrams, witness statements, in-car camera audio and video, deputy incident reports and supplemental reports, towing and impound reports and inventory, and a "Victim Resource Incident Report."

Vaccaro settled her civil wrongful death claim against Close without attempting to use civil discovery or subpoena powers to obtain the department's investigative materials. Instead, on June 15, she filed this enforcement action under Iowa Code chapter 22 against the County and Sheriff to obtain the remaining records. The defendants answered by asserting the records were exempt from disclosure under section 22.7(5). Vaccaro's counsel served a request for production, which met the same objection. Vaccaro filed a motion to compel discovery, which the defendants resisted. The district court reviewed the records in camera. On October 5, 2021, without ruling on whether the records were exempt under section 22.7(5), the court ordered them produced to Vaccaro's counsel under the discovery rules, relying on *Mitchell*. The court

imposed a protective order preventing Vaccaro from releasing the records without court approval pending resolution of the chapter 22 proceeding. The order stated:

> The court is ordering production of these records to plaintiff's counsel under the protection set forth in this order so plaintiff can prosecute her case. The court does not believe a plaintiff who brings a chapter 22 enforcement action is precluded from reviewing the documents at issue prior to trial. If that is the law a plaintiff would be severely handicapped in their ability to prosecute their case.

The court set trial for December 9.

The County filed an application for interlocutory appeal, arguing that *Mitchell* is inapplicable in a chapter 22 action and that records should not be turned over before the court determines whether the section 22.7(5) exemption applies. We granted the application and retained the case.

**II. Standard of Review.**

"We review the district court's interpretation of chapter 22 for correction of errors at law." *Mitchell*, 926 N.W.2d at 228 (quoting *Iowa Film Prod. Servs. v. Iowa Dep't of Econ. Dev.*, 818 N.W.2d 207, 217 (Iowa 2012)). We review discovery rulings for abuse of discretion. *Id.* at 227. "A ruling based on an erroneous interpretation of a discovery rule can constitute an abuse of discretion." *Id.* (quoting *Mediacom Iowa, L.L.C. v. Inc. City of Spencer*, 682 N.W.2d 62, 66 (Iowa 2004)).

**III. Analysis.**

We must decide whether the district court put the cart before the horse. The County argues that the records at issue are peace officer investigative reports

exempt from disclosure under Iowa Code section 22.7(5).[1] Vaccaro, relying on *Mitchell*, argues she can obtain the records in discovery in this chapter 22 action before the district court rules on whether they are exempt from disclosure under section 22.7(5), and the district court agreed with her. The County argues the discovery ruling was premature and eviscerates the statutory protection for police investigative reports and other exempt records. We agree with the County that the district court first must determine whether the records are exempt before deciding whether Vaccaro is entitled to obtain them.

We begin with an overview of Iowa Code chapter 22, the Open Records Act, also known as the Iowa Freedom of Information Act (IFOIA), which "embodies 'a liberal policy in favor of access to public records.'" *Milligan v. Ottumwa Police Dep't*, 937 N.W.2d 97, 102 (Iowa 2020) (quoting *Mitchell*, 926 N.W.2d at 229). "The purpose of [chapter 22] is 'to open the doors of government to public scrutiny [and] to prevent government from secreting its decision-making

---

[1]Iowa Code section 22.7(5) provides:

> The following public records shall be kept confidential, unless otherwise ordered by a court, by the lawful custodian of the records, or by another person duly authorized to release such information:
>
> . . . .
>
> 5. Peace officers' investigative reports, privileged records or information specified in section 80G.2, and specific portions of electronic mail and telephone billing records of law enforcement agencies if that information is part of an ongoing investigation, except where disclosure is authorized elsewhere in this Code. However, the date, time, specific location, and immediate facts and circumstances surrounding a crime or incident shall not be kept confidential under this section, except in those unusual circumstances where disclosure would plainly and seriously jeopardize an investigation or pose a clear and present danger to the safety of an individual. Specific portions of electronic mail and telephone billing records may only be kept confidential under this subsection if the length of time prescribed for commencement of prosecution or the finding of an indictment or information under the statute of limitations applicable to the crime that is under investigation has not expired.

activities from the public, on whose behalf it is its duty to act.' " *Mitchell*, 926 N.W.2d at 229 (alterations in original) (quoting *City of Riverdale v. Diercks*, 806 N.W.2d 643, 652 (Iowa 2011)). " 'The Act essentially gives all persons the right to examine public records . . . [but] then lists specific categories of records that must be kept confidential . . . .' 'The general assembly [thereby] created and fixed the limitations on disclosure.' " *Id.* (alterations and omissions in original) (citation omitted) (quoting *ACLU Found. of Iowa, Inc. v. Recs. Custodian, Atl. Cmty. Sch. Dist.*, 818 N.W.2d 231, 232–33 (Iowa 2012)). "Disclosure is the rule, and one seeking the protection of one of the statute's exemptions bears the burden of demonstrating the exemption's applicability." *Id.* (quoting *Diercks*, 806 N.W.2d at 652).

The County acknowledges that it bears the burden to establish the records withheld from Vaccaro are exempt from disclosure under section 22.7(5). The problem is the district court short-circuited the proceedings by ordering the County to produce the records to Vaccaro before ruling on the exemption. The district court misapplied *Mitchell*.

*Mitchell* is distinguishable. In that case, Cedar Rapids police officer Lucas Jones was on patrol at night and stopped a truck operated by Jerime Mitchell for a broken taillight. *Id.* at 225. What happened next was depicted on the dashcam:

> Mitchell got out of the truck and resisted Officer Jones's efforts to handcuff him. The two men wrestled to the ground. Officer Jones's police dog, Bane, joined the fray. Mitchell forced his way up and back into his driver's seat and began driving off with Officer Jones clinging to the open door. Officer Jones unholstered his handgun

and fired three shots before jumping or falling off the moving truck. A bullet wound near Mitchell's cervical spine left him paralyzed from the neck down.

The incident received widespread media coverage and intense public interest. Protesters marched on city hall demanding the release of the squad car's dash camera footage, which the City released to the public.

*Id.* at 225–26 (footnote omitted). Mitchell filed a tort action against the city and Officer Jones seeking compensatory and punitive damages. *Id.* at 226. During discovery in his tort action, Mitchell sought the police investigative reports; the city produced some information and withheld other records as confidential under section 22.7(5). *Id.* The district court ordered the city to produce reports generated within ninety-six hours of the incident, and denied the city's motion for a protective order. *Id.* at 226–27. We granted the city's application for interlocutory appeal, and affirmed. *Id.* at 227, 236.

We determined that the civil discovery rules entitled Mitchell to access to the city's police investigation in his tort action against the city:

The Mitchells sought the police investigative reports under the discovery rules as litigants suing Officer Jones and his employer, the City of Cedar Rapids. We have previously addressed the tension between our discovery rules and the confidentiality provisions in Iowa Code section 22.7. In *Mediacom*, we observed, "Iowa Code chapter 22 pertains to parties seeking access to government documents and ordinarily has no application to discovery of such information in litigation." Iowa Code section 22.7 does not create a "true privilege against discovery of . . . confidential information." "[T]here is nothing in section 22.7 that suggests the legislature intended to limit the discovery rights of litigants in cases involving governmental entities." "To the contrary, section 22.7 indicates the opposite because it allows disclosure upon a court order." "[S]ection 22.7 does not trump our discovery rules." Nevertheless, the confidentiality the legislature prescribed for certain government records can be safeguarded through a protective order allowing the

litigants use of the records in the lawsuit while preventing disclosure to the public.

*Id.* at 228–29 (alterations and omission in original) (quoting *Mediacom*, 682 N.W.2d at 66–69) (citations omitted). We made clear in *Mitchell* we were resolving a civil discovery dispute in a tort action against the city. *See id.*

By contrast, Vaccaro is not using the discovery rules in her own tort action against the County. She settled her tort action against the motorcycle driver without deposing the investigating deputies or subpoenaing their reports, photos, or video. Her only lawsuit against the County is this enforcement action under chapter 22. *Mitchell* is inapposite, and Vaccaro's reliance on another civil discovery dispute, *Mediacom Iowa, L.L.C. v. Inc. City of Spencer*, is equally misplaced. *See Mediacom*, 682 N.W.2d at 66, 69 (allowing discovery of confidential municipal records in declaratory judgment action challenging the city's use of tax revenue to finance a communications center). Neither case involved a direct chapter 22 enforcement action against the records custodian to adjudicate the exempt status of public records.

"The public records act is generally distinct from our discovery rules." *Mitchell*, 926 N.W.2d at 236 (Appel, J., concurring specially). "Many federal decisions hold that a document exempt from production through an open records law may still be produced in discovery." *Id.* (collecting cases). The fact a document is discoverable in a *tort action* against a municipality does not mean discovery can be used in a *chapter 22 enforcement action* to obtain otherwise exempt records from the same government entity.

The district court should have applied the statute's burden-shifting procedure set forth in section 22.10(2)[2] and allowed the County to show whether the investigative reports were exempt from disclosure under section 22.7(5). Neither Vaccaro nor the district court cite any case decided in a state or federal FOIA-enforcement proceeding that compelled disclosure of allegedly exempt records through discovery before determining whether the records were exempt. "While ordinarily the discovery process grants each party access to evidence, in FOIA and Privacy Act cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (affirming prediscovery summary judgment based on government affidavits and FOIA exemption); *see also John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153 (1989) ("In deciding whether [the law enforcement report exemption] applies, . . . a court must be mindful of this Court's observations that the FOIA was not intended to supplement or displace rules of discovery."). "It is well established that discovery is rare in FOIA cases." *Cole v. Rochford*, 285 F. Supp. 3d 73, 76 (D.D.C. 2018) (denying motion for limited discovery in FOIA action). "Indeed, in the FOIA context, courts have permitted discovery only in exceptional circumstances where a plaintiff raises a

---

[2]Iowa Code section 22.10(2) provides:

Once a party seeking judicial enforcement of this chapter demonstrates to the court that the defendant is subject to the requirements of this chapter, that the records in question are government records, and that the defendant refused to make those government records available for examination and copying by the plaintiff, the burden of going forward shall be on the defendant to demonstrate compliance with the requirements of this chapter.

*See also Ripperger v. Iowa Pub. Info. Bd.*, 967 N.W.2d 540, 549–50 (Iowa 2021) (discussing shifting burden under section 22.10(2)).

sufficient question as to the agency's good faith in searching for or processing documents." *Id.* Vaccaro presents no such question here.

We have never held the requesting party in a chapter 22 enforcement action may obtain allegedly exempt government records simply by filing a request for production before the court rules on the exemption. To the contrary, we have held that the party opposing release is entitled to an evidentiary hearing first. *In re Langholz*, 887 N.W.2d 770, 777–78 (Iowa 2016) (remanding for hearing to determine confidentiality); *see also Gabrilson v. Flynn*, 554 N.W.2d 267, 274 (Iowa 1996) (affirming injunction to prevent release of confidential school records); *cf. Calcaterra v. Iowa Bd. of Med.*, 965 N.W.2d 899, 908 (Iowa 2021) (holding confidentiality provision in Iowa Code section 272C.6(4)(*a*) precludes public release of investigative information in a statement of charges "when there has been no underlying final decision in the disciplinary proceeding").

Sequence matters. To require disclosure before a ruling on the exemption undermines the confidential status the legislature provided police reports under section 22.7(5). *See Arabo v. Mich. Gaming Control Bd.*, 872 N.W.2d 223, 241 (Mich. Ct. App. 2015) ("In the first instance, merely granting a right to inspect all of the records would carry the risk of divulging exempt materials and thus circumvent the very aim of the FOIA to balance the public's right to disclosure of public records with the right to shield some 'affairs of government from public view.'" (quoting *King v. Mich. State Police Dep't*, 841 N.W.2d 914, 921 (Mich. Ct. App. 2013))).

We reiterate that "[p]olice investigative reports do not lose their confidential status when the investigation closes." *Mitchell*, 926 N.W.2d at 225 (majority opinion). We employ a case-specific balancing test to guard against the chilling effect public disclosure could have on police investigations:

> Determining where the line falls between public harm and public good requires weighing the relative merits of the interests at stake. We have long recognized that confidentiality encourages persons to come forward with information, whether substantiated or not, that might be used to solve crimes and deter criminal activity. Secrecy is especially vital where reports are based on confidential informants, persons indispensable to successful police work but who frequently fear intimidation and reprisal. Furthermore, nondisclosure permits law enforcement officials the necessary privacy to discuss findings and theories about cases under investigation.

*Id.* at 233 (quoting *Hawk Eye v. Jackson*, 521 N.W.2d 750, 753 (Iowa 1994)); *see also State ex rel. Shanahan v. Iowa Dist. Ct.*, 356 N.W.2d 523, 529–30 (Iowa 1984) ("[T]he State has a very real interest in protecting the relative secrecy of much of the information its agents gather, analyze, and record during their investigation of criminal activity and crimes."). The Sheriff's reports were generated in a criminal investigation into a juvenile's motorcycle accident that caused a fatality. It makes little sense to turn over the criminal investigative reports in discovery in a chapter 22 proceeding before applying the balancing test to adjudicate whether the records are exempt from disclosure. To do so would grant Vaccaro relief before determining whether she is entitled to relief. As the United States Court of Appeals for the Second Circuit aptly observed: "Discovery here would essentially grant [the plaintiff] the substantive relief it requests: disclosure of documents that the [defendant] claims are exempt. Thus, [the plaintiff] is not entitled to discovery of documents claimed to be exempt." *Loc. 3, Int'l Bhd. of*

*Elec. Workers v. NLRB*, 845 F.2d 1177, 1179 (2d Cir. 1988) (affirming denial of motion to compel production of records at issue in a FOIA action). The district court jumped the gun.

We are not persuaded by the district court's rationale—that Vaccaro had to examine the records to prosecute her open records action. To the contrary, exemption claims under section 22.7 typically are resolved categorically without examination by the requesting party first, or by the court in camera. *See, e.g.*, *id.* at 1179–80 (noting that in camera review in FOIA action is the exception, not the rule); *Mitchell*, 926 N.W.2d at 229–30.

We hold the district court abused its discretion by ordering the Sheriff's investigative reports at issue turned over to Vaccaro's counsel before the court adjudicated whether the records were exempt from disclosure under section 22.7(5).

**IV. Disposition.**

For the foregoing reasons, we reverse the district court's discovery ruling compelling disclosure of the Sheriff's investigation materials to Vaccaro's counsel. We remand the case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**